26 F.3d 132
 74 A.F.T.R.2d 94-5003
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack R. TWEEDY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35160.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack R. Tweedy appeals pro se the district court's summary judgment for the United States in his action brought under (1) 28 U.S.C. Sec. 2410 seeking to quiet title to certain personal property on which the United States claims a tax lien, and (2) 26 U.S.C. Sec. 7431 seeking damages for allegedly unauthorized disclosure of Tweedy's tax return information. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review the district court's grant of summary judgment de novo. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Botefur v. City of Eagle Point, 7 F.3d 152, 154 (9th Cir.1993).
 
 
 5
 Under Fed.R.Civ.P. 56(c), the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has carried its burden, the nonmoving party must show that genuine contested issues of material fact exist and that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586.
 
 II
 28 U.S.C. Sec. 2410 Claims
 
 6
 Tweedy did not file federal income tax returns for 1983 and 1984. As part of its collection proceedings, the Internal Revenue Service ("IRS") filed notices of federal tax lien and intent to levy against Tweedy. Tweedy filed the present action pursuant to section 2410 to quiet title to all of his personal property and wages. Tweedy alleged that the IRS failed to (1) make tax and penalty assessments against him in accordance with 26 U.S.C. Sec. 6203, (2) mail statutory notices of deficiency to him as required by 26 U.S.C. Sec. 6212, and (3) mail a notice of assessment and demand for payment as required by 26 U.S.C. Sec. 6303(a). On appeal, Tweedy challenges the district court's summary judgment for the United States as to all of these claims.
 
 
 7
 "Under 28 U.S.C. Sec. 2410, the United States may be joined as a party to a quiet title action affecting property upon which it claims a lien." Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). We have interpreted section 2410(a) as a limited waiver of the United States' sovereign immunity in actions challenging only the procedural validity of a tax lien. Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992).
 
 A. Tax and Penalty Assessments
 
 8
 Tweedy contends that the district court erred by granting summary judgment for the United States because there was a genuine issue of fact as to whether the IRS assessed the tax deficiency and penalty against him pursuant to 26 U.S.C. Sec. 6203. This contention lacks merit.
 
 
 9
 The IRS submitted Form 4340 Certificates of Assessments and Payments along with Form 23C Summary Records of Assessment to demonstrate that a valid assessment of both the tax and penalty had been made. We have held that Form 4340 is presumptive evidence of a valid assessment if it lists the "23C" date, the date on which the assessment actually was made. See Huff v. United States, 10 F.3d 1440, 1445-46 (9th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3671 (U.S. Apr. 4, 1994) (No. 93-1560). Tweedy presented no evidence that overcomes the presumption of valid assessments created by the IRS forms. Accordingly, the district court did not err by granting summary judgment for the United States as to the existence of valid assessments. See id.; Hughes, 953 F.2d at 535.
 
 B. Notices of Deficiency
 
 10
 Tweedy contends that summary judgment for the United States was improper because the IRS failed to issue and send a statutory notice of deficiency as required by 26 U.S.C. Sec. 6212. This contention lacks merit.
 
 
 11
 "[C]laims that the IRS failed properly to notice deficiencies address the merits of an assessment and therefore are not actionable under Sec. 2410." Huff, 10 F.3d at 1445. Accordingly, because the district court lacked jurisdiction to address Tweedy's allegation, summary judgment on this claim was proper. See id.
 
 
 12
 C. Notice of Assessment and Demand for Payment
 
 
 13
 Tweedy contends that summary judgment was improper because the IRS failed to issue and send a notice of assessment and demand for payment as required by 26 U.S.C. Sec. 6303(a). This contention lacks merit.
 
 
 14
 The IRS is required to "issue the taxpayer a notice of assessment and demand for payment.... The form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under ... [section] 6303(a)." Elias, 908 F.2d at 525 (citation omitted). Form 4340 is sufficient evidence to establish that the IRS complied with section 6303(a). Huff, 10 F.3d at 1446.
 
 
 15
 Here, the Forms 4340 and 23C submitted by the IRS show that notice and demand was sent to Tweedy's correct address on April 10, 1989. Tweedy presented no evidence demonstrating that such notice and demand was not sent to him. Accordingly, summary judgment on this claim was proper. See id.
 
 III
 26 U.S.C. Sec. 7431 Claim
 
 16
 Tweedy sought damages for unauthorized disclosure of his tax return information by the IRS. In granting summary judgment for the United States on this claim, the district court found that any disclosures of Tweedy's return information were not only authorized by the Internal Revenue Code, but also required for the government to proceed to collect his tax liabilities. We agree.
 
 
 17
 Section 6103 of the Internal Revenue Code provides that income tax returns and return information are confidential. 26 U.S.C. Sec. 6103; Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990) (per curiam). Section 7431 provides a civil cause of action for damages for the intentional or negligent disclosure of confidential return information by officers or employees of the United States. 26 U.S.C. Sec. 7431; Maisano, 908 F.2d at 410. Section 6103(k), however, authorizes the IRS to disclose return information if necessary for the collection of a tax liability. 26 U.S.C. Sec. 6103(k)(6). Under section 301.6103(k)(6)-1(b) of the Treasury Regulations, the IRS may disclose return information "to apply the provisions of the Code relating to the establishment of liens against [the taxpayer's] assets, or [a] levy on ... the assets to satisfy any [outstanding tax] liability." Treas.Reg. Sec. 301.6103(k)(6)-1(b)(6); Maisano, 908 F.2d at 410.
 
 
 18
 Here, it is undisputed that the disclosures of Tweedy's tax information were made in connection with tax collection activities. The procedural validity of the underlying assessment has no bearing on the fact that the disclosures were made for a purpose clearly authorized by section 6103(k)(6). See 26 U.S.C. Sec. 6103(k)(6); Huff, 10 F.3d at 1447; Maisano, 908 F.2d at 410. Accordingly, the district court properly granted summary judgment for the United States on this claim.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to 28 U.S.C. Sec. 636(c), the parties consented to have Magistrate Judge Williams decide the case
 
 
 [2]
 Tweedy also contends that the district court erred by granting the United States' motion for protective order as to Tweedy's desire to inspect the IRS's computer programs. Our review of the record supports the district court's conclusion that Tweedy was on a "fishing expedition" as to such information and we find no error in the district court's grant of the motion for protective order as to the information. Finally, we reject Tweedy's claim that the district court erroneously taxed to him the costs of the transcript of his deposition