**Ralph J. MAISANO, III and Audrey D. Maisano, Plaintiffs–Appellants,**

**v.**

**UNITED STATES of America, Defendant–Appellee.**

**No. 89–16324.**

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 1990 *.

Memorandum May 18, 1990.

Opinion July 18, 1990.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Ralph J. Maisano, III, Reno, Nev., in pro per.

Audrey D. Maisano, Reno, Nev., in pro per.

Kenneth L. Greene, Gary R. Allen, and Michael J. Salem, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellee.

Before HUG, HALL and TROTT, Circuit Judges.

PER CURIAM:

Ralph and Audrey Maisano appeal pro se the district court's grant of summary judgment in favor of the United States in their action for damages arising from the Internal Revenue Service's (IRS) disclosure of certain tax return information. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I  Standard of Review

■ We review de novo the district court's grant of summary judgment. *See, e.g., Sanchez v. Vild,* 891 F.2d 240, 241–42 (9th Cir.1989). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56; *see Sanchez,* 891 at 242.

## II  Merits

The Maisanos contend that section 6103 of the Internal Revenue Code (Code) was violated by the IRS's unauthorized disclosure of their tax return information when the IRS filed various tax lien and levy notices against the Maisanos' property and wages. The Maisanos' contention is based on their belief that the assessments upon which the tax liens and levies were filed are invalid. Because the IRS's assessment of tax deficiencies is authorized by statute and was validly performed in this case, the Maisanos' contention lacks merit.

### A.  Validity of the IRS's Tax Assessments

The Maisanos challenge the validity of the IRS's assessment of tax deficiencies on three grounds.

■ First, the Maisanos argue that the assessment in part was based on wages earned from "an occupation of common right" which they believe are not subject to federal income tax. This argument, however, is simply a variation on the "wages are not income" argument which we repeatedly have rejected as frivolous and do so again here. *See, e.g., Wilcox v. Commissioner,* 848 F.2d 1007, 1008 (9th Cir. 1988).

■ The Maisanos next argue that the assessment of a tax liability was improper without a hearing and judgment from an Article III court. This argument also lacks merit. Under section 6213(c) of the Code, if a taxpayer does not file a petition in Tax Court within 90 days of receiving a deficiency notice, the IRS is authorized to assess the amount of the deficiency. *See* 26 U.S.C. § 6213(c). If the taxpayer fails to pay the amount assessed after receiving a demand for payment from the IRS, the amount assessed becomes "a lien in favor of the United States." 26 U.S.C. § 6321. This lien arises at the time of assessment. *See* 26 U.S.C. § 6322. Moreover, if the taxpayer fails to pay this amount within 10 days of being issued a notice and demand for payment from the IRS, the IRS may collect the amount owed by levy. *See* 26 U.S.C. § 6331. Under section 6502 of the Code, the IRS is authorized to collect the assessed amount by either a "levy *or* by a proceeding in court." 26 U.S.C. § 6502(a) (emphasis added); *see also Todd v. United States,* 849 F.2d 365, 369 (9th Cir.1988) ("taxpayers do not have the right to a hearing prior to collection efforts by the IRS"); *Stonecipher v. Bray,* 653 F.2d 398, 403 (9th Cir.1981) (argument that due process requires the IRS to grant hearing

before determining the taxpayer's liability for federal income tax is foreclosed by well-settled law; moreover, "due process rights are adequately protected by the statutory scheme which allows [the taxpayer] to contest his liability in the Tax Court prior to paying the disputed tax or to sue for a refund in federal ... court"), *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982); *accord Phillips v. Commissioner*, 283 U.S. 589, 599, 51 S.Ct. 608, 612, 75 L.Ed. 1289 (1931).

Here, the Maisanos were sent a notice of deficiency but did not seek a redetermination of their deficiency in Tax Court within 90 days. The IRS assessed deficiencies against them. The IRS then issued a notice and demand for payment. When no payment was received within 10 days, the IRS moved to collect the deficiencies by filing notices of tax liens and levies on the Maisanos' property and wages. Because the IRS complied with the statutory requirements for creating valid assessments of tax deficiency, tax liens, and levies, the Maisanos' claim that the assessments are invalid and that they are entitled to a judicial hearing is without merit.

■ Finally, the Maisanos argue that a section 6321 lien must remain secret until a judgment is obtained or until the conditions set forth in Title 31 of the United States Code, section 3713 are satisfied. Under section 6323 of the Code, however, for a tax lien to be valid against a subsequent purchaser, a holder of a security interest, a mechanics lien creditor, or a judgment creditor, the IRS must file a notice of its lien at a place designated by the laws of the state where the property is deemed to be located. *See* 26 U.S.C. § 6323(a) & (f). Therefore, the Code expressly contemplates, and requires, disclosure of the lien to establish the lien's priority vis a vis other security interests. Accordingly, this challenge to the validity of the assessment too must fail.

B. Disclosure of Tax Return Information

■ Section 6103 of the Code provides the general rule that "returns" and "return information" are confidential. *See* 26 U.S. § 6103(a) & (b); *Long v. IRS*, 891 F.2d 222, 223 (9th Cir.1989) ("return information ... is confidential"); *Lampert v. United States*, 854 F.2d 335, 336 (9th Cir.1988). Section 7431 of the Code creates a private cause of action by the taxpayer against the United States for improper disclosure of such information and provides for damages. *See* 26 U.S.C. § 7431.

Section 6103, however, authorizes IRS to disclose "return information to the extent that such disclosure is necessary in obtaining ... the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of the [Code]." 26 U.S.C. § 6103(k)(6). Moreover, Treasury Regulations specifically authorize disclosure of tax return information "to apply the provisions of the Code relating to the establishment of liens against [the taxpayer's] assets, or [a] levy on ... the assets to satisfy any [outstanding] liability." Treas. Reg. § 301.6103(k)(6)–1(b)(6).

Here, there is no dispute that the information contained in the notices was "return information." *See* 26 U.S.C. § 6103(b) (return information includes the taxpayer's identity, the nature, source, and amount of income, and whether there is an investigation).

The IRS, however, contends that the return information used to secure the tax liens and levies against the Maisanos' property and wages was properly disclosed in connection with its collection activities and in accordance with the exceptions established in the Code and Treasury Regulations. *See* 26 U.S.C. § 6103(k)(3); Treas. Reg. § 301.6103(k)(6)–1(b)(6). The IRS's contention has merit. The disclosures made by the IRS officials are well within the exception established in section 6103(k)(3) and do not violate section 6103(a)'s prohibition against unauthorized disclosure of federal income tax return information. *See, id.*[1]

---

1. Because we agree with the district court's find-  ing that the disclosure of the information does

Because there are no genuine issues of material fact and because the United States is entitled to a judgment as a matter of law, we affirm the district court's grant of summary judgment.

### III   Sanctions

The CIR requests sanctions against the Maisanos for bringing this appeal. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; *Wilcox*, 848 F.2d at 1008–9 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. *Wilcox*, 848 F.2d at 1009 (citation omitted).

Here, the Maisanos' claims are wholly without merit. Accordingly, we impose a sanction of $1,500.

AFFIRMED.

not violate section 6103(a), we need not reach the government's alternative theory that the "good faith" exception of 26 U.S.C. § 7431 should apply.