962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert P. DETRICK; Patty R. Detrick, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35444.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert and Patty Detrick appeal pro se the district court's partial dismissal for failure to state a claim and partial summary judgment in favor of the United States in their action challenging the Internal Revenue Service's ("IRS") liens and levies on their real property, bank accounts, and wages. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 The Detricks sought to remove the IRS's liens on their real property and bank accounts and levy on Patty's wages pursuant to the quiet title provision of 28 U.S.C. § 2410. The Detricks also sought damages for alleged wrongful levy and unauthorized disclosure. The district court held that it lacked jurisdiction over the wrongful levy and wrongful disclosure claims, and over the section 2410 claim insofar as it challenged the merits of the underlying tax assessment. The district court granted summary judgment in favor of the United States on the Detricks' section 2410 claim insofar as it challenged the procedural validity of the lien.
 
 
 4
 * Wrongful Levy
 
 
 5
 The Detricks sought to challenge the validity of the IRS's levy on Patty's wages pursuant to 26 U.S.C. § 7426. Section 7426 permits a third person who claims an interest in or lien upon property seized pursuant to a levy for a tax owed by another to bring a civil action in federal district court challenging the validity of the levy. 26 U.S.C. § 7426(a)(1). Section 7426(a) specifically excepts from the class of persons entitled to bring a wrongful levy action "the person against whom is assessed the tax out of which such levy arose." Id.; Arford v. United States, 934 F.2d 229, 231-32 (9th Cir.1991). Here, the Detricks are the persons against whom the tax is assessed. Thus, the district court correctly found that it lacked jurisdiction to hear the Detricks' claim pursuant to section 7426. See Arford, 934 F.2d at 232.[1]
 
 II
 Unauthorized Disclosure
 
 6
 The Detricks sought damages against the United States for unauthorized disclosures of return information pursuant to 26 U.S.C. § 7431. Section 6103 of the Internal Revenue Code provides that returns and return information are confidential. See 26 U.S.C. § 6103; Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990). Section 7431 provides a civil cause of action for damages for the intentional or negligent disclosure of confidential return information by officers or employees of the United States. Maisano, 908 F.2d at 410. Section 6103(k), however, authorizes the IRS to disclose return information if necessary for the collection of tax liability. 26 U.S.C. § 6103(k)(6).
 
 
 7
 Here, the Detricks alleged in their complaint that the unauthorized disclosures took place on March 19, 1986, August 10, 1987, August 14, 1987, and July 15, 1988, "and at other times unknown to Plaintiffs but within the last two years." These dates correspond with the dates on which the IRS effected liens and levy against the Detricks' property. Any disclosures made as a result of the filing of the notices of tax lien and notice of levy were authorized by law. See 26 U.S.C. §§ 6103(k), 6323(f), 6331; Maisano, 908 F.2d at 410. Further, the Detricks' conclusory allegations that unauthorized disclosures were made to unspecified third persons willfully or through gross negligence are insufficient to state a claim under section 7431. See Maisano, 908 F.2d at 410. Accordingly, the district court correctly dismissed the Detricks' claims under section 7431.
 
 III
 Quiet Title Claim
 
 8
 The Detricks sought to quiet title to their real and personal property on which the United States claimed liens pursuant to 28 U.S.C. § 2410. Under section 2410, the United States may be joined as a party to a quiet title action affecting property upon which it claims a lien. Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). A taxpayer cannot challenge the merits of an assessment in a section 2410 action. Id. Thus, the district court correctly found that it lacked jurisdiction to hear the Detricks' section 2410 action insofar as it challenged the merits of the underlying assessment. See id.
 
 
 9
 Nevertheless, section 2410 serves as a waiver of sovereign immunity to the extent that a taxpayer challenges the procedural validity of an assessment. Arford, 934 F.2d at 232. Here, the Detricks contend that the IRS failed to make valid, timely assessments under 26 U.S.C. 6203(a), failed to give notice and demand for payment under section 6303(a), and failed to give "Final Notice" under section 6331(a). The United States submitted Certificates of Assessments and Payments which established that the notices, assessments, and liens were procedurally proper.
 
 
 10
 The Detricks did not offer any evidence to refute this, but instead argued that the Certificates were inadmissible hearsay. This contention lacks merit. "[O]fficial certificates are highly probative, and are sufficient, in the absence of contrary evidence, to establish that the notices and assessments were properly made." United States v. Zolla, 724 F.2d 808, 810 (9th Cir.1984), cert. denied, 469 U.S. 830 (1984). Thus, the district court properly considered the Certificates. Further, the district court correctly granted summary judgment for the United States on the issue of the procedural validity of the notices, assessments, and liens.
 
 IV
 Discovery
 
 11
 On appeal, the Detricks contend that the district court abused its discretion by denying their Fed.R.Civ.P. 56(f) motion and granting summary judgment without allowing them additional discovery. A district court has discretion to deny a Rule 56(f) motion where the party seeking discovery has failed to make a sufficient showing that further discovery would raise a triable issue of fact. Visa Int'l Serv. Ass'n v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir.1986). Here, the Detricks did not specify how the information they sought would establish a triable issue of fact. See id. Accordingly, the district court correctly denied the Rule 56(f) motion and granted summary judgment.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Detricks contend that there is a built in exception to section 7426 that allows the person assessed to bring a wrongful levy action if no valid assessment has been made. The Detricks cite no authority for this proposition, and the plain language of the statute belies this contention. See 26 U.S.C. § 7426. Accordingly, the district court correctly rejected this contention