972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric E. CHANDLER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-36113.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric E. Chandler appeals pro se the district court's summary judgment for the United States in Chandler's action seeking damages under 26 U.S.C. § 7431(a)(1) for unauthorized disclosure of his tax returns and return information. Chandler alleges four counts of unauthorized disclosure. In counts I and II, he challenges notices of levy and liens issued by the Internal Revenue Service ("IRS") claiming that the IRS did not properly assess the taxes against him before issuing the notices. In counts III and IV, he claims that the IRS notified certain financial institutions to initiate backup withholding from his interest and dividend income without giving him sufficient notice of the delinquency. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "This court reviews a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law." Americana Trading Inc. v. Berrie & Co., No. 88-15334, slip op. 6055, 6060 (9th Cir. June 2, 1992).
 
 
 4
 Section 6103 of the Internal Revenue Code provides that income tax returns and return information are confidential. See 26 U.S.C. § 6103; Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990). Section 7431 provides a civil cause of action for damages for the intentional or negligent disclosure of confidential return information by officers or employees of the United States. 26 U.S.C. § 7431; Maisano, 908 F.2d at 410. Section 6103(k), however, authorizes the IRS to disclose return information if necessary for the collection of tax liability. 26 U.S.C. § 6103(k)(6).
 
 
 5
 In counts I and II of his complaint, Chandler alleges that his return information was disclosed by the IRS before assessment of any tax. In support of its unopposed motion for summary judgment, however, the IRS submitted Certificates of Assessment and Payments to show that the tax had been assessed prior to disclosure of the return information. Because Chandler presented no contrary evidence, the certificates were sufficient to establish that a valid assessment had been made. See United States v. Zolla, 724 F.2d 808, 810 (9th Cir.) (official certificates sufficient, in absence of contrary evidence, to establish that assessments were properly made), cert. denied, 469 U.S. 830 (1984). Thus, because the disclosures of Chandler's return information occurred in connection with tax collection activities, the disclosures were authorized by section 6103(k)(6). See 26 U.S.C. § 6103(k)(6); Hughes v. United States, 953 F.2d 531, 542 (9th Cir.1992); Maisano, 908 F.2d at 410.
 
 
 6
 In counts III and IV of his complaint, Chandler alleges that the disclosure of his return information in connection with the issuance of backup withholding instructions to payors of dividend or interest payments under 26 U.S.C. § 3406 violated section 6103 because he received only two notices of underreporting and not four as required by section 3406(c)(1)(B).
 
 
 7
 The procedural validity of the issuance of backup withholding instructions, however, has no bearing on the fact that any disclosures to interest or dividend payors by the IRS were again made in connection with its attempt to collect the validly assessed tax. Thus, these disclosures also were authorized by section 6103(k)(6). See 26 U.S.C. § 6103(k)(6); Hughes, 953 F.2d at 542; Maisano, 908 F.2d at 410. Accordingly, the district court did not err by granting summary judgment for the United States.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3