974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louie ELIAS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-55249.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 2, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louie Elias appeals pro se the district court's summary judgment for the United States in Elias' action seeking damages under 26 U.S.C, § 7431 for unauthorized disclosure of his tax return information by the Internal Revenue Service ("IRS") in its attempt to collect taxes from Elias assessed for the tax years 1974 through 1986. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "This court reviews a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law." Americana Trading Inc. v. Berrie & Co., 966 F.2d 1284, 1287 (9th Cir.1992). We may affirm the district court on any ground supported by the record. Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990).
 
 
 4
 Section 6103 of the Internal Revenue Code provides that income tax returns and return information are confidential. See 26 U.S.C. § 6103; Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990). Section 7431 provides a civil cause of action for damages for the intentional or negligent disclosure of confidential return information by officers or employees of the United States. 26 U.S.C. § 7431; Maisano, 908 F.2d at 410. Section 6103(k)(6), however, authorizes the IRS to disclose return information if necessary for the collection of tax liability. 26 U.S.C. § 6103(k)(6). Return information may also be disclosed "to apply the provisions of the [tax] Code relating to the establishment of liens against [the taxpayer's] assets, or [a] levy on ... the assets to satisfy any [outstanding] liability." Treas.Reg. § 301.6103(k)(6)-1(b)(6); Maisano, 908 F.2d at 410.
 
 
 5
 Here, the IRS sought to collect Elias' tax liability by issuing notices of levy, lien, and by issuing summonses to third parties. In his amended complaint, Elias claims that this disclosure of his tax returns and return information by officers of the United States violated section 6103 because no assessment of tax liability had been made and no notice of deficiency had been issued.
 
 
 6
 The record, however, contains copies of Certificates of Assessment and Payments filed by the IRS showing that the tax had been assessed against Elias prior to disclosure of the return information. Because Elias points to no contrary evidence, these certificates were sufficient to establish that a valid assessment had been made. See United States v. Zolla, 724 F.2d 808, 810 (9th Cir.) (official certificates sufficient, in absence of contrary evidence, to establish that assessments were properly made), cert. denied, 469 U.S. 830 (1984).
 
 
 7
 Whether or not Elias received the notices he alleges were required to have been sent to him has no bearing on the fact that any disclosures of his return information were made in connection with an attempt to collect a validly assessed tax. Thus, the disclosures were authorized by section 6103(k)(6). See 26 U.S.C. § 6103(k)(6); Hughes v. United States, 953 F.2d 531, 542 (9th Cir.1992); Maisano, 908 F.2d at 410. Accordingly, the district court did not err by granting summary judgment for the United States.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34 4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3