19 F.3d 26
 73 A.F.T.R.2d 94-1165
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy C. CHISUM, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-16934.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Filed Sept. 13, 1993.
Withdrawn and Decided Jan. 24, 1994.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 ORDER
 
 1
 The appellant's petition for rehearing is denied. The memorandum disposition filed September 13, 1993 is withdrawn. The clerk is directed to file the attached memorandum disposition.
 
 
 2
 MEMORANDUM**
 
 
 3
 Jimmy C. Chisum appeals pro se the district court's summary judgment for the United States in Chisum's action alleging that the Internal Revenue Service ("IRS") wrongfully disclosed tax information in violation of 26 U.S.C. Sec. 7431(a)(1). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 5
 Section 6103 of the Internal Revenue Code provides that income tax returns and return information are confidential. 26 U.S.C. Sec. 6103; Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990). Section 7431 provides a civil cause of action for damages for the intentional or negligent disclosure of confidential return information by officers or employees of the United States. 26 U.S.C. Sec. 7431; Maisano, 908 F.2d at 410. Section 6103(k), however, authorizes the IRS to disclose return information if necessary for the collection of tax liability. 26 U.S.C. Sec. 6103(k)(6). Under section 301.6103(k)(6)-1(b) of the Treasury Regulations, the IRS may disclose return information "to apply the provisions of the Code relating to the establishment of liens against [the taxpayer's] assets, or [a] levy on ... the assets to satisfy any [outstanding tax] liability." Treas.Reg. Sec. 301.6103(k)(6)-1(b)(6); Maisano, 908 F.2d at 410. Additionally, under section 7431(b), there is no liability for "any disclosure which results from a good faith, but erroneous, interpretation of section 6103." 26 U.S.C. Sec. 7431(b).
 
 
 6
 Here, the IRS disclosed Chisum's tax return information by recording a tax lien against Chisum and issuing a notice of sale of Chisum's property, both to satisfy his tax obligation. Chisum argues that these disclosures nevertheless were unauthorized under section 7431 because the underlying tax assessment was procedurally invalid. Specifically, Chisum claims that the assessment was invalid because the statutory notice of deficiency was not mailed to his last known address.
 
 
 7
 The government concedes error in the mailing of the notice of deficiency and states that therefore the assessment and tax lien against Chisum were improper and subsequently released. The government argues, however, that although the assessment and lien were invalid, the resulting disclosures of Chisum's tax information are not actionable under section 7431 because the disclosures were only erroneous and not unauthorized.
 
 
 8
 It is undisputed that the disclosures of Chisum's tax information were made in connection with tax collection activities. The procedural validity of the underlying assessment has no bearing on the fact that the disclosures were made for a purpose clearly authorized by section 6103(k)(6). See 26 U.S.C. Sec. 6103(k)(6); Hughes v. United States, 953 F.2d 531, 542 (9th Cir.1992); Maisano, 908 F.2d at 410. Moreover, there is no evidence in the record to indicate that the disclosures, although erroneous, were not made in good faith. See 26 U.S.C. 7431(b). Accordingly, the district court did not err by granting summary judgment for the United States.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellee's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that summary judgment for the United States was proper on the merits of Chisum's claims, we do not address the district court's alternative finding that Chisum's action was time-barred