42 F.3d 1398
 75 A.F.T.R.2d 95-335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth L. ALLEN, et al., Plaintiffs-Appellants,
v.
UNITED STATES of America, and Internal Revenue Service,
Defendants-Appellees.
 No. 93-15906.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1994.*
Decided Dec. 6, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth L. Allen and over forty other Plaintiffs ("taxpayers") appeal pro se the district court's dismissal of their action against the United States and the Internal Revenue Service to quiet title to their property and to recover money and property they allege the Defendants unlawfully seized. Claiming Judge Pro was biased in his disposition of their case, taxpayers also appeal his denial of their motion for disqualification or recusal. In response, defendants move this court to impose sanctions against taxpayers for bringing a frivolous appeal.
 
 
 3
 1. Dismissal for failure to comply with the district court's Order
 
 
 4
 The district court entered an Order dismissing taxpayers' Amended Complaint without prejudice and allowing each taxpayer twenty days to refile separate complaints setting forth causes of action and specific facts to support their individual claims. Fed.R.Civ.P. 12(b)(6), 12(e). When taxpayers failed to submit separate amended complaints within the allotted time, the district court dismissed the action with prejudice. Dismissal for failure to comply with a court order is reviewed for abuse of discretion. Thompson v. Housing Auth., 782 F.2d 829, 832 (9th Cir.) (per curiam), cert. denied, 479 U.S. 829 (1986).
 
 
 5
 On appeal, taxpayers do not challenge the district court's dismissal of their action for failure to comply with its Order. Rather, taxpayers argue the substantive merits of their claims. It is well settled that this Court will review "only issues which are argued specifically and distinctly in a party's opening brief." Greenwood v. F.A.A., 28 F.3d 971, 977 (9th Cir.1994). The merits of taxpayers' claims against the United States are not properly before this Court. Therefore, because taxpayers do not even address the issue of whether the district court abused its discretion in dismissing their action, the district court's dismissal is affirmed.[1]
 
 2. Denial of motion for disqualification
 
 6
 Claiming Judge Pro was biased, taxpayers moved for his disqualification or recusal pursuant to 28 U.S.C. Sec. 455(a). Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under this provision, recusal is necessary where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Payne, 944 F.2d 1458, 1476 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992). We review the denial of a recusal motion for abuse of discretion. Id.
 
 
 7
 Taxpayers alleged that Judge Pro was biased because he was formerly affiliated with the Internal Revenue Service, because he has requested assignment to cases in which the IRS was involved, and because he "serves on the bench at the 9th. [sic] Circuit Court of Appeals and should this case be appealed it would be brought before Judge Philip M. Pro to make a second judgment." (Court Transcript 20 at 2-3). However, taxpayers have presented no facts to support these claims. Even assuming, arguendo, the truth of their allegations, taxpayers have further failed to specify how these alleged characteristics demonstrate that Judge Pro was biased. A reasonable person therefore could not conclude that Judge Pro's impartiality might reasonably be questioned. Payne, 944 F.2d at 1476. Hence, Judge Pro did not abuse his discretion by denying the taxpayers' motion for disqualification. Id.
 
 
 8
 3. Sanctions for bringing a frivolous appeal
 
 
 9
 The government argues that we should sanction the taxpayers for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912. In the past, this Court has sanctioned frivolous pro se appeals in tax cases. Maisano v. United States, 908 F.2d 408, 411 (9th Cir.1990) ("This Court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal.") (per curiam); Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988).
 
 
 10
 "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox, 848 F.2d at 1009. Taxpayers failed to even raise the issue of whether the district court abused its discretion by dismissing their action when they failed to comply with its Order to refile separate complaints. Moreover, they offer no support for their argument that Judge Pro should have recused himself from the proceedings. Taxpayers' arguments of error on appeal are therefore wholly without merit, and we impose a sanction of $1,500 payable to the government. See Maisano, 908 F.2d at 411.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This Court has recognized that "we have discretion in certain cases to consider improperly presented claims of error, where the appellee is not misled and the issue has been fully explored." Int. Un. of Bricklayers Etc. v. Martin Jaska, Inc., 752 F.2d 1401, 1404 n. 4 (9th Cir.1985). Because the appellees in this case raised the issue of the propriety of the dismissal in their brief, we could conceivably consider the issue. Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990). However, it cannot be said that the issue was "fully explored" where the appellants did not even address it. "We will not manufacture arguments for an appellant." Greenwood, 28 F.3d at 977