65 F.3d 177
 76 A.F.T.R.2d 95-6120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John WILDE, as personal representative for the estate of
Arthur F. Sherrell, Cecilia Sherrel, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-15538.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Wilde, as representative of the estate of taxpayer Arthur Sherrell, and Cecilia Sherrell, Arthur Sherrell's wife, (collectively "appellants") appeal pro se the district court's summary judgment on remand from this court in favor of the United States. Appellants challenge the validity of tax liens placed on Arthur Sherrell's property by the Internal Revenue Service ("IRS") for liabilities for tax years 1982 and 1983. Appellants also appeal the district court's denial of their motion for a continuance pursuant to Fed.R.Civ.P. 56(f), and the denial of their motion to file an amended complaint. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Summary Judgment
 
 A. Quiet Title
 
 4
 Appellants contend that the district court erred by granting summary judgment for the United States on their quiet title claim because the IRS (1) failed to assess their tax in accordance with section 6203; (2) failed to send them notice and demand for payment in accordance with section 6303; and (3) failed to send them notice of intent to levy in accordance with section 6331.
 
 
 5
 We review de novo the district court's grant of summary judgment. Huff v. United States, 10 F.3d 1440, 1443 (9th Cir.1993), cert. denied, 114 S.Ct. 2706 (1994).
 
 
 6
 Section 2410 provides that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. Sec. 2410(a). A section 2410 action will be "jurisdictionally barred if, at the time it is commenced, the government claims a title interest rather than a lien interest." Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). No quiet title action will lie "as to amounts that have already come into the hands of the IRS." Farr v. United States, 990 F.2d 451, 453 (9th Cir.), cert. denied, 114 S.Ct. 634 (1993).
 
 
 7
 Here, to the extent that the government has title to Arthur Sherrell's wages and real and personal property, appellants are jurisdictionally barred from bringing an action under section 2410.
 
 
 8
 Appellants' remaining contentions as to property on which the government may still have a lien interest lack merit. The government's exhibits included 4340 Forms for both of the years in question, copies of the notice and demand letter, copies of the Final Notice (notice of intention to levy), a copy of the Notice of Seizure, together with the affidavit of Ron Smith, Chief of Special Procedure Function in Las Vegas, Nevada, stating that all required procedures were followed.
 
 
 9
 The 4340 Forms for both of the taxable years establish that taxes, penalties and interest for 1982 were validly assessed against Arthur Sherrell on November 28, 1988, and that the taxes, penalties and interest for 1983 were validly assessed against him on December 26, 1988. See Huff, 10 F.3d at 1445 ("Generally, courts have held that IRS Form 4340 provides at least presumptive evidence that a tax has been validly assessed under section 6203."). Finally, the supporting evidence submitted shows that the government sent Arthur Sherrell a notice of intent to levy for the deficiencies assessed by certified mail in accordance with section 6331.
 
 
 10
 Thus, there is no support in the record for appellants' contention that the government failed to comply with procedural requirements in recording or notifying appellants of the November 28, 1988 assessment or the December 26, 1989 assessment.[1] Accordingly, the district court properly entered summary judgment for the government on appellants' quiet title claim.
 
 II
 Wrongful Disclosure Claim
 
 11
 Appellants contend that the district court erred by granting summary judgment for the government on appellants' wrongful disclosure claim. This contention lacks merit.
 
 
 12
 Section 6103 provides that income tax returns and return information are confidential. 26 I.R.C. Sec. 6103; Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990). Section 7431 provides a taxpayer a civil cause of action for damages for the intentional or negligent disclosure of confidential return information by officers or employees of the United States. 26 I.R.C. Sec. 7431(a); Maisano, 908 F.2d at 410. Section 6103, however, authorizes the IRS to disclose return information if necessary for the collection a tax liability. 26 I.R.C. Sec. 6103(k)(6); Maisano, 908 F.2d at 410.
 
 
 13
 Here, the disclosures of which appellants complain occurred during the proper collection of Arthur Sherrell's tax liabilities for tax years 1982 and 1983. Accordingly, the district court properly granted summary judgment for the government on appellants' wrongful disclosure claim.
 
 III
 Discovery
 
 14
 Appellants contend that the district court erred by granting summary judgment without allowing them additional time to conduct further discovery. This contention lacks merit.
 
 
 15
 Here, appellants failed to show how allowing additional discovery for the tax years in question would have precluded summary judgment. See Qualls v. Blue Cross of Cal., 22 F.3d 839, 844 (9th Cir.1994). Accordingly, the district court did not abuse its discretion by denying appellants' motion for a continuance to conduct additional discovery. See id.
 
 IV
 Amended Complaints
 
 16
 Finally, appellants contend that the district court erred by not considering the additional claims in their first amended complaint and by denying their motion to file a third amended complaint. These contentions lacks merit.
 
 
 17
 We review for abuse of discretion a district court's decision on whether to permit amendment. See National Abortions Fed'n v. Operation Rescue, 8 F.3d 680, 681 (9th Cir.1993)
 
 A. First Amended Complaint
 
 18
 Appellants contend that the district court erred by not considering issues raised in their first amended complaint regarding the government's alleged wrongful disclosures for tax years 1984 and 1985 and for a second 1982 assessment. We disagree.
 
 
 19
 Although in ruling on the wrongful disclosure claim, the district court considered appellants' first amended complaint, we see no abuse of discretion in the district court's refusal to consider the new claims and additional tax years included in that complaint. The district court had given appellants specific directions on how to amend their original complaint to state a claim for wrongful disclosure. These directions did not give appellants permission to amend their complaint with new causes of action and additional tax years. Thus, the district court did not abuse its discretion by declining to consider the additional claims included in the amended complaint, filed almost one year after appellants instituted their action. Cf. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 809-10 (9th Cir.1988) (holding that no abuse of discretion to deny leave to amend where amendment would have added new issues and would require additional discovery and briefing).
 
 B. Third Amended Complaint
 
 20
 In their third amended complaint, it appears that appellants attempted to include additional challenges to the government's assessments for tax years 1984 through 1988. Because discovery was already completed by this time, and because the district court already had entered summary judgment as to one of appellants' original claims, we find no abuse of discretion in the district court's denial of appellants' motion for leave to file a third amended complaint. See id.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellants contend that the district court erred by not considering their procedural challenges to the government's subsequent assessments for tax years 1982, 1984 and 1985. We disagree. The district court entered summary judgment on the section 2410 claim asserted in appellants' original complaint. That complaint only raised issues as to the November 28, 1988 assessment and the December 26, 1989 assessment. Although appellants attempted to add additional years and assessments in their first, second, and third amended complaints, we do not consider those complaints for purposes of reviewing the propriety of the section 2410 dismissal