**In re: Dorothy SMITH, Debtor,**

**David R. Chase, Appellant,**

v.

**Rod Danielson, Chapter 13 Trustee; Union Planters Mortgage, Appellees.**

No. 01–57232.

BAP No. CC–00–01729–BKMa.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2002.*

Decided Jan. 10, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before REINHARDT, O'SCANNLAIN and PAEZ, Circuit Judges.

MEMORANDUM **

David R. Chase appeals the Bankruptcy Appellate Panel's ("BAP") order imposing sanctions against him under 28 U.S.C. § 158(b) and Fed. R. Bankr.Pro. 8020. The BAP imposed sanctions after issuing an order to show cause why sanctions should not be imposed upon Chase for filing an inadequate and frivolous appeal. In its order to show cause, the BAP noted that "[a]ppellant's excerpts of record do not include the order appealed from, the bankruptcy court's findings and conclusions, the motion on which the court rendered its decision, the notice of appeal, or a transcript."

The BAP also noted the following briefing deficiencies: the inclusion of an incomplete docket, the failure by the appellant to include any citation to the record, the absence of a statement of the basis for appellate jurisdiction and a statement of the case from the opening brief, the citation of the wrong dates for various court orders, the failure to identify the objecting creditor (Union Planters Mortgage) as an appellee, and the failure to brief mootness after the BAP issued an order requiring this briefing. After considering Chase's response to its order to show cause, the BAP concluded that it constituted an "utter failure to address the appellate deficiencies noted in that order," and found that the appeal was frivolous. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

After the BAP concluded that Chase's response to the order to show cause failed

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**282**

to address the deficiencies that the BAP described in its order and that Chase's actions in prosecuting the appeal were frivolous, it determined that sanctions were warranted. The BAP ordered that the bankruptcy court determine the appropriate amount of sanctions: either $1,000 or appellees' costs and fees in connection with the appeal. We agree with the BAP that Chase failed to address any of the deficiencies described in the order to show cause and that his actions in prosecuting the appeal were frivolous. *See Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990). Accordingly, we conclude that the BAP did not abuse its discretion when it imposed sanctions against Chase.

AFFIRMED