**NOT FOR PUBLICATION**

FEB 24 2016

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER KWASNIEWSKI, individually and as Special Administrator of the ESTATE OF ANDREW A. KWASNIEWSKI; TAYLOR L. KWASNIEWSKI; DYLAN A. KWASNIEWSKI, a minor, by and through Jennifer Kwasniewski, his mother and guardian, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SANOFI-AVENTIS U.S., LLC, a Delaware limited liability company; NADINE LEONE, MFT; BEHAVIORAL HEALTHCARE OPTIONS, INC., a Nevada corporation, <br><br> Defendants - Appellees. | No. 13-17390 <br><br> D.C. No. 2:12-cv-00515-GMN-NJK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted February 10, 2016
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS, Chief Judge and SCHROEDER and NGUYEN, Circuit Judges.

This is an interlocutory appeal of the district court's dismissal of non-diverse defendants upon a finding of fraudulent joinder. Plaintiffs are the family of Andrew Kwasniewski, who committed suicide after taking Ambien. Plaintiffs originally filed this case in state court against the manufacturer, Sanofi-Aventis; a marriage and family therapist, Nadine Leone ("Leone"), who treated Kwasniewski before his suicide; and Leone's employer, Behavioral Healthcare Options, Inc. ("BHO"). The district court denied Plaintiffs' motion to remand the case to state court, holding that the therapist and BHO were fraudulently joined to defeat diversity jurisdiction.

This court reviews a denial of a motion to remand de novo, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), a denial of a motion for reconsideration for abuse of discretion, *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000), and a denial of a motion to amend under 28 U.S.C. § 1447(e) regarding joinder for abuse of discretion, *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). A defendant is fraudulently joined when "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Plaintiffs argue that their malpractice claim against Leone included the theory that Leone negligently failed to diagnose Kwasniewski as suicidal, and that the district court erred in holding they alleged only a failure to warn about Ambien. Plaintiffs rely on only one sentence in their complaint. The district court correctly explained that when the sentence is taken in context, the allegation is that the therapist fell below the standard of care by not warning Mr. Kwasniewski about the side effects of Ambien. Plaintiffs claim against Leone was therefore a failure to warn. The district court determined that no such duty exists under Nevada law.

Plaintiffs next contend that even if they did not state such a malpractice claim in the complaint, the possibility of such a claim defeats fraudulent joinder. Our reasoning in *Hunter* is to the contrary. *See* 582 F.3d at 1046. We there looked to the complaint to determine whether the plaintiff had stated a cause of action against a resident defendant. *Id.* The court is not required to speculate about possible claims.

The district court did not err in holding that under Nevada law, there is no duty to warn on the part of a non-prescribing therapist. *See Klasch v. Walgreen Co.*, 264 P.3d 1155, 1158–61 (Nev. 2011). The Nevada Supreme Court in *Klasch* recognized that in limited circumstances, a pharmacist dispensing a prescription medication may have a duty to warn if the pharmacist is aware of a consumer's specific risk such as an allergy or contraindication with other medications the plaintiff is taking. *Id.* at 1160. No such

3

exception has been recognized for therapists. As the court said in *Klasch*, "It is the physician who is in the best position to decide when to use and how and when to inform his patient regarding risks and benefits pertaining to drug therapy." *Id.* at 1158 n.9 (citation omitted).

We recognize that affirmative defenses, which often "require[] an inquiry into the merits of a case," cannot be considered as a part of the fraudulent joinder analysis. *See Hunter*, 582 F.3d at 1044–45. *Klasch* involved the learned intermediary doctrine, an affirmative defense. Here, we refer to *Klasch* only to establish whether a duty to warn, a fundamental aspect of Plaintiffs' claim against the non-diverse defendants, exists under Nevada law.

After the dismissal of Leone and BHO, Plaintiffs sought leave to amend the complaint to add a malpractice claim. The district court properly denied the motion because the proposed amendment sought to rejoin diversity-destroying defendants under the analysis required by 28 U.S.C. § 1447(e).

BHO requests that the panel sanction Plaintiffs for filing a frivolous appeal. "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990) (citation omitted). Sanctions are not warranted.

**AFFIRMED**.

4