**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEONARD TOBIN,

        Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 20-71585

Tax Ct. No. 13653-18

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Leonard William Tobin appeals pro se from the Tax Court's decision,

following a bench trial, upholding the Commissioner of Internal Revenue's

determination of deficiencies and imposition of penalties for tax year 2015. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 26 U.S.C. § 7482.  We review the Tax Court's legal conclusions de novo and its factual findings for clear error.  *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999).  We affirm.

1.      The Tax Court properly upheld the Commissioner's deficiency determination concerning Tobin's unreported income.  Tobin's wages in 2015 were taxable income, and his arguments to the contrary are frivolous.  *Maisano v. United States*, 908 F.2d 408, 409 (9th Cir. 1990) ("This argument . . . is simply a variation on the 'wages are not income' argument which we repeatedly have rejected as frivolous and do so again here.").  The Tax Court correctly concluded that Tobin's 2015 wages were not excludable wages for services performed in foreign countries because there was no evidence that Tobin filed an election to exclude his foreign earned income under 26 U.S.C. § 911 or Treas. Reg. § 1.911-7 for the 2015 tax year or any previous tax year.

2.      The Tax Court properly upheld the Commissioner's deficiency determination concerning Tobin's health savings account distributions because he failed to prove that he spent the distributions on his qualified medical expenses.  26 U.S.C. § 223(f).

3.     We do not consider arguments that are not specifically and distinctly raised and argued in an appellant's opening brief or arguments that are made for the first time on appeal.  *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**