NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | No. 19-17504 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-01783-APG-DJA |
| v. | |
| 312 POCONO RANCH TRUST, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| SIERRA RANCH HOMEOWNERS ASSOCIATION, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted October 20, 2021[**]
San Francisco, California

Before: WALLACE and GOULD, Circuit Judges, and VITALIANO,[***] District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eric N. Vitaliano, United States District Judge for the

Judge.

Defendant-Appellant 312 Pocono Ranch Trust (Pocono Ranch) appeals from the district court's order granting summary judgment in favor of Plaintiff-Appellee Nationstar Mortgage LLC (Nationstar). We review *de novo*, *see Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011), and affirm. We further hold that sanctions are warranted against Pocono Ranch and its counsel for filing a frivolous appeal, and we refer the determination of the sanctions amount to our Acting Appellate Commissioner, Lisa Fitzgerald.

The district court held that the Federal Foreclosure Bar precludes the extinguishment of Nationstar's interest in a property located at 312 Pocono Ranch Avenue, North Las Vegas (Property), which was purchased by Pocono Ranch at a HOA foreclosure sale. *See* 12 U.S.C. § 4617(j)(3). For the following reasons, we agree with the district court's conclusion and affirm. Pocono Ranch's arguments on appeal are all foreclosed by binding precedent of our court and the Nevada Supreme Court.

First, the Federal Home Loan Mortgage Corporation (Freddie Mac) is the underlying owner of the deed of trust and possessed an enforceable interest in the property at issue. Pocono Ranch argues that Freddie Mac's interest in the property is void because it failed to record its interest in the property when it acquired the

Eastern District of New York, sitting by designation.

2

underlying loan and deed of trust in July 2008, as mandated by the Nevada Revised Statutes §§ 111.010, 111.325. But this contention is foreclosed by binding precedent of the Nevada Supreme Court, which has held that "there is no requirement that the beneficial interest in the deed of trust need[s] to be assigned or conveyed to Freddie Mac in order for Freddie Mac to acquire ownership of the loan," and that "Nevada's recording statutes d[o] not require Freddie Mac to publicly record its ownership interest as a prerequisite for establishing that interest." *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 (Nev. 2019). Instead, Freddie Mac's interest in the property "remains fully secured by the deed of trust when the record deed of trust beneficiary is in an agency relationship with the note holder." *Id.* Here, it is not disputed that Freddie Mac has an authorized representative relationship with Mortgage Electronic Registration Systems, Inc. (MERS), Ocwen Loan Servicing, LLC (Ocwen), and Nationstar, all of which were at one point listed as the record beneficiary of the corresponding deed of trust.

Moreover, Pocono Ranch's argument has been repeatedly rejected and foreclosed by this court. *See, e.g., Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017) ("Nevada law requires recording of a lien for it to be enforceable, but does not mandate that the recorded instrument identify the note owner by name."); *Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 957 (9th Cir. 2021) ("Nevada's recording statutes do not require Fannie Mae

to be identified as the beneficiary of record on the Deed in order to establish its ownership interest in the loan."). For purposes of the Federal Foreclosure Bar, we have repeatedly concluded that virtually identical evidence—Freddie Mac and servicer business records, supported by explanatory employee declarations and relevant guide provisions—established an enforceable property interest under Nevada law. *See Berezovsky*, 869 F.3d at 932–33; *Saticoy Bay*, 996 F.3d at 956. The record shows that this case is no different.

Second, Pocono Ranch argues in the alternative that Freddie Mac does not have an interest in the property because the assignments of the deed of trust state that the owners of the underlying loan were Ocwen and then Nationstar. This argument is also without any merit. None of the assignments state that the owner of the underlying loan was Ocwen or Nationstar. The assignments merely identify the entity that serves as the record beneficiary, which is consistent with Nevada law. As explained above, Nevada law does not require Freddie Mac, the owner of the underlying loan, to be recorded on the deed. *See Daisy Tr.,* 445 P.3d at 849; *accord Berezovsky*, 869 F.3d at 932–33.

Finally, Nationstar also filed a motion for sanctions against Pocono Ranch and its counsel. We conclude that sanctions against Pocono Ranch and its counsel are warranted in this case and refer the determination of the sanctions amount to our Acting Appellate Commissioner. We have "discretion to impose damages

4

against litigants, . . . as a sanction for bringing a frivolous appeal." *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990) (citations omitted); *see also* 28 U.S.C. § 1912 ("Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs."); Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). In addition to imposing "sanctions against the appellant directly," we may impose "personal sanctions against counsel" as well. *In re Girardi*, 611 F.3d 1027, 1065 (9th Cir. 2010).

As explained above, Pocono Ranch's arguments lack any merit and are foreclosed by binding precedent. The arguments are "in direct conflict with firmly established rules of law for which there is no arguably reasonable expectation of reversal or favorable modification." *In re Becraft*, 885 F.2d 547, 549 (9th Cir. 1989) (citation and internal quotation marks omitted). Because "the results are obvious" and the "arguments of error are wholly without merit," this appeal "is frivolous." *Maisano*, 908 F.2d at 411 (citation omitted).[1]

---

[1] We also take into consideration the fact that the Nevada Supreme Court has rejected identical arguments by Pocono Ranch's counsel in at least four cases and that counsel's repeated attempts of offering the same frivolous arguments further warrants the imposition of sanctions. *See, e.g.*, *Three Palms Invs. Grp., LLC v. Bank of Am., N.A.*, No. 78225, 2020 WL 3469173 (Nev. June 24, 2020); *Premier*

5

The district court's order and judgment in favor of Nationstar is

**AFFIRMED**.  Nationstar's Motion for Sanctions is **GRANTED** in part, with the

determination of the sanctions amount **REFERRED** to the Acting Appellate

Commissioner.

---

*One Holdings, Inc. v. Ditech Fin. LLC*, No. 77526, 2020 WL 2526070 (Nev. May 15, 2020); *RH Kids, LLC v. Nationstar Mortg., LLC*, No. 77760, 2020 WL 407053 (Nev. Jan. 23, 2020); *Perecin v. Nationstar Mortg., LLC*, No. 77597, 2020 WL 407132 (Nev. Jan. 23, 2020); *see also RH Kids LLC v. Ditech Fin. LLC*, No. 79620-COA, 2020 WL 7238319, at *2 n.1 (Nev. Ct. App. Dec. 8, 2020) (explicitly admonishing counsel for the Trust for improperly disregarding "his obligations under R.P.C. 3.1 to only advance arguments if there is a basis in law and fact for doing so and, when [the] existing precedent does not align with his clients' interests, to present good-faith arguments for its modification or reversal").