**NOT FOR PUBLICATION**

**FILED**

FEB 25 2022

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE J. SMITH; SHEILA ANN
SMITH,

          Petitioners-Appellants,

  v.

COMMISSIONER OF INTERNAL
REVENUE,

          Respondent-Appellee.

No. 20-70698

Tax Ct. No. 6105-16

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted February 15, 2022[**]

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

George J. and Sheila Ann Smith appeal pro se from the Tax Court's

decision, following a bench trial, upholding the determinations of deficiency,

penalties, and an addition by the Commissioner of Internal Revenue regarding their

federal income taxes for the 2013 and 2014 tax years. We have jurisdiction under

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions and for clear error its factual findings. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determinations because the Commissioner presented stipulated evidence that the Smiths failed to report income, and the Smiths failed "to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous." *See* 26 U.S.C. § 61(a)(3) (defining gross income as "all income from whatever source derived"); *Hardy*, 181 F.3d at 1004-05 ("If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous."); *see also Maisano v. United States*, 908 F.2d 408, 409 (9th Cir. 1990) (recognizing that this court has rejected multiple variations of the "wages are not income" argument); *Roat v. Comm'r*, 847 F.2d 1379, 1381 (9th Cir. 1988) (holding that the Commissioner is not required to prepare a return on a taxpayer's behalf before determining and issuing a notice of deficiency).

The Tax Court did not abuse its discretion by imposing a $2,500 penalty under 26 U.S.C. § 6673 against the Smiths because they maintained frivolous positions despite the Tax Court's warnings. *See Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993) (setting forth standard of review and concluding that the Tax Court

was within its discretion in imposing penalties under § 6673 against taxpayer who persisted in litigating frivolous positions following warning).

We reject as meritless the Smiths' contentions regarding the constitutionality of income taxes, that the income tax is an excise tax that does not apply to the money the Smiths received in 2013 and 2014, and that the Tax Court mischaracterized or "changed" the stipulated facts.

We do not consider whether the Tax Court erred in sustaining the addition for failure to file a timely return for 2013 because the Smiths do not address this issue in their opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

The Commissioner's motion for sanctions (Docket Entry No. 29) is granted. *See* Fed. R. App. P. 38; 28 U.S.C. § 1291; *Wilcox*, 848 F.2d 1007, 1008-09 (9th Cir. 1988) ($1,500 sanction imposed against pro se litigant for bringing a frivolous appeal).

**AFFIRMED.**