79 F.3d 1154
 77 A.F.T.R.2d 96-1438
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas M. RICKS, Plaintiff-Appellant,
v.
C. WHITNEY; J. Long; Carl Callahan; L. Minder; United
States of America, Defendants-Appellees.
 No. 94-56415.
 United States Court of Appeals, Ninth Circuit.
 Argued Feb. 5, 1996.
Submission Deferred Feb. 12, 1996.
Submitted March 12, 1996.
Decided March 14, 1996.
 
 Appeal from the United States District Court for the Central District of California; No. CV-93-01153-LHM, Linda H. McLaughlin, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Taxpayer Douglas Ricks appeals pro se the district court's grant of summary judgment in favor of the United States and individual employees of the Internal Revenue Service (IRS) in Ricks's action seeking to quiet title and to recover damages for violations of an automatic bankruptcy stay, conversion of property, and unauthorized disclosure of tax return information. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.
 
 
 3
 * Ricks's bankruptcy petition operated as an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Ricks contends that the failure of the IRS to return his van and its contents constituted an impermissible exercise of control over property of the estate.[1] The district court granted summary judgment in favor of the IRS because the IRS did nothing with Ricks's property during the pendency of his bankruptcy petition and had not been ordered to return the property by the Bankruptcy Court. The IRS now concedes that it did in fact exercise control over the property while the stay was in effect. The IRS further concedes that Ricks was not required to obtain an order for the return of his property. Accordingly, we reverse the grant of summary judgment on this claim.
 
 II
 
 4
 Ricks next contends that the individual IRS employees are liable for conversion based on their failure to comply with the voluntary stay, a contention which the district court construed as a Bivens claim. This claim fails because the seizure and sale of Ricks's van and its contents did not violate a constitutional right, as required by Bivens. See Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991) (noting that "we have never recognized a constitutional violation arising from the collection of taxes"). Even assuming that Ricks could identify a constitutional violation, Bivens still does not provide him with a cause of action. Congress has provided a statutory mechanism for relief--s 362(h)--and "even an incomplete statutory remedy render[s] a Bivens cause of action unavailable." Berry v. Hollander, 925 F.2d 311, 313 (9th Cir.1991) (citing Schweiker v. Chilicky, 487 U.S. 412 (1988)). The district court's grant of summary judgment on the conversion claim was proper.
 
 III
 
 5
 Ricks seeks quiet title relief under 28 U.S.C. § 2410, which provides that "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). The waiver of sovereign immunity under § 2410(a) is strictly limited, however; where, as here, the government has already sold the property and no longer claims any interest in it, § 2410 does not apply. Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). Bank of Hemet v. United States, 643 F.2d 661 (9th Cir.1981), is not to the contrary. In that case, the party attempted to give the government notice of the suit prior to the sale of the property, but its efforts were thwarted by the government, which refused service of the complaint. Id. at 665. Here, by contrast, there is no evidence of government misbehavior. The IRS had no notice at the time of the sale and no longer claims any interest in the property. Under these circumstances, there has been no waiver of sovereign immunity.
 
 IV
 
 6
 Ricks contends that the district court should not have considered the declaration of "C. Whitney" because, as the IRS admits, the name "C. Whitney" was a pseudonym. Ricks argues that "F.R.Civ.P. 56(e) simply makes no provision for any party to a case to use a fictitious name in a declaration, particularly in support of a summary judgement motion." This is true, but irrelevant.
 
 
 7
 Equally unavailing is Ricks's argument that Whitney's declaration should be disregarded because it contains conclusory statements. The district court considered Whitney's declaration that she had been carrying out her official duties not as proof that Whitney had in fact been doing so, but rather as evidence that Whitney had been acting in good faith, i.e., that Whitney believed that she was carrying out her official duties.
 
 V
 
 8
 Ricks contends that the IRS made unlawful disclosures of return information in violation of 26 U.S.C. § 6103. This claim is without merit.
 
 
 9
 As a general rule, return information is confidential. 26 U.S.C. § 6103; Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990). Disclosure of return information is permitted, however, "to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title." 26 U.S.C. § 6103(k)(6). In particular, such disclosure is permitted "to locate assets in which the taxpayer has an interest" or "to apply the provisions of the Code relating to establishment of liens against such assets, or levy on, or seizure, or sale of, the assets to satisfy any such liability." 26 C.F.R. § 301.6103(k)(6)-1(b)(6). The disclosures made by the IRS fall squarely within this category. See Farr v. United States, 990 F.2d 451, 455 (9th Cir.), cert. denied, 114 S.Ct. 634 (1993); Maisano, 908 F.2d at 410.
 
 
 10
 Ricks contends that an issue of material fact remains as to whether the information was "otherwise reasonably available." Given C. Whitney's uncontroverted declaration that Ricks had threatened her safety, we see no basis for Ricks's claim that the information was "reasonably available" from Ricks himself.
 
 
 11
 Ricks also contends that the disclosure of his return information was invalid because "the 'notice of levy' procedure is reserved solely for attaching the salaries and wages of federal employees," and he is not a federal employee. For support, Ricks cites Maisano v. Welcher, 940 F.2d 499, 502 (9th Cir.1991), cert. denied, 504 U.S. 916 (1992). In fact, Maisano rejects efforts to limit the scope of the IRS's levying authority, noting that the IRS has the power to levy "all property of any person liable to the IRS." Id. (emphasis in original).
 
 
 12
 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The van and its contents were property of the estate, even though they were seized pre-petition. United States v. Whiting Pools, Inc., 462 U.S. 198, 205-06 (1983)