**Sally CONFORTE, Plaintiff–Appellant,**

v.

**UNITED STATES of America, et al., Defendant–Appellee.**

No. 91–16713.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1992.

Decided Nov. 19, 1992.

As Amended Jan. 28, 1993.

See also 125 B.R. 287.

**1376**

Darrell V. Rippy, Phoenix, Ariz., for plaintiff-appellant.

Joel Rabinovitz, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before: CHOY, NOONAN, and O'SCANNLAIN, Circuit Judges.

NOONAN, Circuit Judge:

With tax liabilities of over $17 million, Sally Conforte has brought this action in an effort to get a $15 million credit against these liabilities, asserted by her to be the going concern value of her brothel, now levied upon and sold by the United States. Her effort to litigate her tax liabilities in this fashion fails. We dismiss those causes of action of which the district court had no jurisdiction. We affirm summary judgment against Conforte as to those causes of action over which the district court had jurisdiction.

## BACKGROUND

Conforte was the owner with her husband Joseph of the Mustang Ranch, a brothel legal under the law of Storey County, Nevada. The Confortes incurred liability for unpaid federal income and employment taxes in an amount over $19 million. On November 26, 1982 Sally Conforte filed a petition under Chapter 11 of the Bankruptcy Code. In 1984 the bankruptcy court approved a plan of reorganization that permitted the Mustang Ranch to operate for six years, during which all claims were to be paid. By 1990 the tax debt was still largely unpaid. The Internal Revenue Service (the IRS) gave the Confortes several extensions, and the Confortes conveyed to the United States title to 12 lots of real property to be sold by the United States with the sum realized to be credited to partial satisfaction of the tax claims. But in September 1990 the IRS, still the largest unpaid creditor, asked the bankruptcy court to convert the case to Chapter 7. The bankruptcy court so ordered. The trustee in bankruptcy found it impossible to run the brothel legally. On September 21, 1990, pursuant to an order of the bankruptcy court, the trustee turned over, and the IRS levied upon pursuant to Internal Revenue Code § 6331(a), the Mustang Ranch. On November 13, 14 and 15 the IRS conducted a sale of this property, receiving $1,991,000. A large tax debt remained.

## CONFORTE'S COMPLAINT

On May 3, 1991 Conforte filed her amended complaint in this case. The causes of action set out were as follows:

*First and Second.* To quiet title to the 12 lots conveyed to the United States in 1990. Conforte asserted that the United States had only a tax lien on this property and that the tax had been "fully paid."

*Third and Fourth.* Violation of Conforte's rights under the Fifth Amendment

by the individual defendants, officers or employees of the Internal Revenue Service, wasting Conforte's property by not selling the Mustang Ranch at its going concern value.

*Fifth.* Reckless and intentional disregard by the individual defendants of the Internal Revenue Code and regulations thereunder.

The plaintiff sought clear title to the lots; damages of $15 million from the individual defendants; and damages from the United States under Internal Revenue Code § 7433 of $100,000.

The district court granted summary judgment on all causes of action. Conforte appeals.

### ANALYSIS

 *The Quiet Title Action.* The gravamen of Conforte's suit here is that her federal taxes are "fully paid." She is, in other words, litigating her federal tax liability, avoiding the three standard routes prescribed by statute: suit in the tax court, suit for refund in the district court, or suit in the court of federal claims. She cannot in this fashion run around the law. A quiet title action "may only contest the procedural validity of a tax lien." *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990). This rule, stated as to quiet title actions under 28 U.S.C. § 2410, is equally applicable to quiet title actions under section 2409(a). The provisions of 26 U.S.C. § 7506(d) permitting release of property conveyed to the United States as security for a debt if the debt is paid have no relevance here; the debt was not paid. The district court lacked jurisdiction to hear the two causes of action that challenged her tax liability, and they must accordingly be dismissed. The question was not addressed by the district court, but jurisdiction is open to challenge at any time.

*The Taking of Property Actions.* These causes assert injury by individuals to Conforte because the Mustang Ranch was not sold as a going concern. They fail for two reasons: first, it was the trustee in bankruptcy, not the IRS, who found it impossible to continue to operate the Mustang Ranch as a legal going concern; second, when the IRS levies upon property, it has the right to sell the property as levied upon—here as property that is no longer in business but in the possession of the IRS and in liquidation. Such property is valued at its liquidation price, *see, e.g., United States v. Whiting Pools, Inc.,* 462 U.S. 198, 200, 103 S.Ct. 2309, 2311, 76 L.Ed.2d 515 (1983). Conforte complains of normal practice. Summary judgment was properly granted the defendants.

*The Intentional Or Reckless Disregard Of the Rules Action.* Conforte may not bring this action against the United States under 26 U.S.C. § 7433 without exhausting her administrative remedies. *Id.* § 7433(d)(1). She has not done so. The court lacked jurisdiction to hear her. The two year period set by the statute of limitations has now run. *Id.* § 7433(d)(3).

Conforte's complaint is DISMISSED WITH PREJUDICE as to the first, second and fifth causes of action. Summary judgment against Conforte on the third and fourth causes of action is AFFIRMED.