17 F.3d 394
 73 A.F.T.R.2d 94-1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louie N. ELIAS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-55143.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1993.*
Decided Feb. 11, 1994.
 
 Before: TANG, D.W. NELSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In 1991 Louie N. Elias ("Elias") filed a pro se complaint in federal district court seeking damages against the Internal Revenue Service ("IRS") for allegedly levying against his film residual checks without first having complied with various provisions of Title 5 (Administrative Procedures Act), Title 11 (Bankruptcy Code), Title 26 (Internal Revenue Code), and Title 44 (Paperwork Reduction Act) of the United States Code. The district court dismissed with prejudice certain claims on the ground that they were outside the scope of the court's subject matter jurisdiction, and dismissed without prejudice the remainder of Elias's claims because he had failed to exhaust available administrative remedies. Elias has timely appealed.
 
 
 3
 * As a sovereign the United States may not be sued without its consent, and the terms of that consent define the extent of a district court's jurisdiction to entertain an action against the United States. United States v. Testan, 424 U.S. 392, 399 (1976). The Federal Tort Claims Act, 28 U.S.C. Secs. 2671 et seq., authorizes suits for damages against the United States, but excludes claims arising from the assessment or collection of taxes. 28 U.S.C. Sec. 2680. The Internal Revenue Code authorizes actions for damages against IRS employees for unauthorized collection. See 26 U.S.C. Sec. 7433.
 
 
 4
 It is clear from the face of Elias's first amended complaint that the district court lacked subject matter jurisdiction over counts VIII, IX, X, and XII, as none of those four counts assert claims under any statute or regulation of the Internal Revenue Code. See 26 U.S.C. Sec. 7433(a). Moreover, count XI deals with a section of the Internal Revenue Code and related regulation that have no bearing on the facts of this case. Finally, counts I, II, and III simply reiterate claims (or variations on claims) already disposed of by the district court and this court in two prior actions. See Elias v. Connett, 908 F.2d 521, 528 (9th Cir.1990) (tax years 1974-1979); Elias v. United States, No. 91-55249, 1992 WL 214538, at * 1 (listed in TABLE at 974 F.2d 1341 (9th Cir.1992) (tax years 1974-1986). Accordingly, the district court did not err by dismissing the claims set out in those eight counts.[1]
 
 II
 
 5
 The district court held that it lacked jurisdiction over two counts (VI and VII) because Elias had failed to exhaust available administrative remedies before filing his complaint.[2] While it is true that Elias could not bring the instant action against the United States without first exhausting available administrative remedies, see Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1992), the government concedes that the IRS regulations which set out the relevant administrative remedies apply only to section 7433 claims filed after January 30, 1992, and Elias's section 7433 complaint was filed on September 27, 1991. See 26 C.F.R. Sec. 301.7433-1(i).
 
 
 6
 Elias alleges, and the government does not seriously dispute, that he filed an administrative complaint with the IRS under the provisions of what later became 26 C.F.R. Sec. 301.7433-1, and that he subsequently filed his section 7433 complaint in federal district court only after the government had failed to act on his claim within six months. See 26 C.F.R. Sec. 301.7433-1(d)(1)(ii) ("[N]o action under [section 7433] shall be maintained in any federal district court before ... [t]he date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section."). Elias gave the IRS an opportunity to act on his claim before he filed the instant action in federal district court. Under the circumstances, we conclude that that portion of the district court's order dismissing counts VI and VII for failure to exhaust was in error.[3]
 
 
 7
 In reaching this conclusion, however, we note that Elias can only assert those claims involving challenges to IRS levies which took place after November 10, 1988, and within two years of Elias's September 27, 1991 filing. That is because the statute in question has a two-year limitations period, see 26 U.S.C. Sec. 7433(d)(3); Conforte v. United States, 979 F.2d at 1377, and applies only to misconduct by IRS officers or employees occurring after November 10, 1988. See Technical and Miscellaneous Revenue Act of 1988, Pub.L. No. 100-647, Sec. 6241(d), 102 Stat. 3342, 3749 (Nov. 10, 1988) ("The amendments made by this section shall apply to actions by officers or employees of the Internal Revenue Service after the date of the enactment of this Act [viz., 11/10/88].").
 
 CONCLUSION
 
 8
 That portion of the district court's decision dismissing counts I, II, III, VIII, IX, X, XI, and XII is AFFIRMED. That portion of the district court's decision dismissing counts IV, V, VI, and VII is VACATED and REMANDED for proceedings consistent with the above. Each side will bear its own costs on appeal.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by the 9th Cir.R. 36-3
 
 
 [1]
 We note that the district court's dismissal of counts II, III, and XI was without prejudice
 
 
 [2]
 The district court actually dismissed five counts on the ground that Elias had failed to exhaust available administrative remedies. Because we conclude that the court properly dismissed three of those counts, albeit for other reasons, see note 1, supra, we discuss only counts VI and VII here
 
 
 [3]
 Although the district court dismissed counts IV and V with prejudice rather than without prejudice for failure to exhaust administrative remedies, we conclude that they should be treated in the same fashion as counts VI and VII