24 F.3d 245
 73 A.F.T.R.2d 94-2224, RICO Bus.Disp.Guide 8585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John F. CHOW, M.D.; Esther K. Chow, Plaintiffs-Appellants,
v.
M. GIORDANO, Chief Collection Branch; Unknown Williams,
Ms., Manager of Unit of ACS; Theron Povlika, Director of
Western Region; Sophia B. Chew, Homer Bell, Auditor; M.J.
Quinn, District Director; Cynthia D. Braganza, Acting
Manager; Debbie Wyant, IRS FOIA Dept.; Ranae Fielding, IRS
FOIA Dept.; Frieda Gill, LA FOIA Dept.; Malia Berumen, LA
FOIA Dept.; Jeffrey Ettress, LA FOIA Dept.; Denny Docil,
Devier McGuffin; California Adventist Federal Credit Union;
United States Internal Revenue Service, Defendants-Appellees.
 No. 93-56162.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 Memorandum**
 
 
 2
 Plaintiffs John and Esther Chow appeal pro se (1) the district court's dismissal for lack of subject matter jurisdiction of their suit against the Internal Revenue Service (IRS) and various IRS employees, and (2) the district court's dismissal for failure to state a claim of their suit against the California Adventist Federal Credit Union. We affirm the district court in both respects.
 
 I.
 
 3
 On April 9, 1993, the Chows filed a complaint in district court against the IRS and several of its officials. The Chows amended their complaint on April 29, 1993, in order to add the California Adventist Federal Credit Union and two of its employees (the credit union defendants). The complaint was apparently in response to a March 23, 1993 IRS levy on the Chows' account at the credit union, which in turn was made to satisfy tax deficiencies for 1987 and 1988. The Chows alleged that the various IRS and credit union defendants (1) violated the Racketeer Influenced and Corrupt Organizations Act (RICO), (2) committed common law fraud, and (3) conspired to deprive the Chows of their civil rights.[1] The Chows sought treble damages, punitive damages, and declaratory relief.
 
 
 4
 The IRS defendants moved to dismiss the Chows' complaint for lack of subject matter jurisdiction, on the ground that the United States had not waived its sovereign immunity. The credit union defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted, on the ground that they were immune from suit under 26 U.S.C. Sec. 6332(e). The district court granted both motions. The Chows timely appeal.
 
 II.
 
 5
 On appeal, the Chows assert a cascade of challenges to the IRS levy. These consist of (1) alleged procedural defects in the IRS assessments,[2] and (2) arguments going to the substantive amounts of their tax liabilities.[3]
 
 
 6
 At the outset, however, we must address the government's defense of sovereign immunity. "Absent its consent to suit, an action against the United States must be dismissed." Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). Suits against United States employees in their official capacities also require a waiver of sovereign immunity. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). We review de novo the district court's determination that the United States did not waive its sovereign immunity. Arford v. United States, 934 F.2d 229, 231 (9th Cir.1991).
 
 
 7
 The Chows assert several jurisdictional bases, but none of them operates to waive the government's sovereign immunity. First, the Chows contend that the United States has waived its immunity under 28 U.S.C. Sec. 2410, which allows suits "to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. Sec. 2410(a).
 
 
 8
 The Chows are wrong. They may not use section 2410 for their collateral attacks on the merits of the IRS assessment. Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). As for the Chows' procedural claims, their suit is for damages, not quiet title. Thus, section 2410, by its own terms, does not apply. See 28 U.S.C. Sec. 2410(a); see also Murray v. United States, 686 F.2d 1320, 1326-27 (8th Cir.1982), cert. denied, 459 U.S. 1147 (1983).[4] More importantly, the government has not only levied upon the disputed funds but collected them. The Chows "cannot seek relief for monies or property already in the hands of the IRS in a Sec. 2410 quiet title action." Huff v. United States, 10 F.3d 1440, 1444 n. 3 (9th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3671 (1994).
 
 
 9
 The Chows next rely on 26 U.S.C. Sec. 7433, which allows taxpayers to sue the United States when IRS employees recklessly or intentionally disregard internal revenue statutes or regulations in their collection activities. However, the Chows may not bring an action under section 7433 until they exhaust administrative remedies. 26 U.S.C. Sec. 7433(d)(1); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1993). The Chows do not contend that they exhausted administrative remedies; indeed, they seem to contend that there are no procedural prerequisites. Therefore, the district court lacked jurisdiction. Conforte, 979 F.2d at 1377.[5]
 
 
 10
 On appeal, the Chows assert for the first time that the IRS defendants wrongfully disclosed tax return information in violation of 26 U.S.C. Sec. 6103. The United States permits suits for money damages under 26 U.S.C. Sec. 7431 in the event of such violations. However, we normally do not consider arguments raised for the first time on appeal. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 3 (9th Cir.1988). Moreover, the individual defendants here are not proper defendants under section 7431, which permits suits only against the United States. See 26 U.S.C. Sec. 7431(a)(1); see also Mid-South Music Corp. v. Kolak, 756 F.2d 23, 25 (6th Cir.1984).
 
 
 11
 The Chows also assert subject matter jurisdiction under RICO, 18 U.S.C. Sec. 1964(c), contending that the IRS represents a "racketeering enterprise." We disagree. "Waiver of sovereign immunity cannot be implied but must be unequivocally expressed." United States v. Washington, 872 F.2d 874, 877 (9th Cir.1989) (quotation omitted). RICO is a general statute that does not mention, much less waive, sovereign immunity. See 18 U.S.C. Secs. 1961-1962, 1964; see also Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991) ("[I]t is clear that there can be no RICO claim against the federal government."); cf. Production & Leasing, Ltd. v. Hotel Conquistador, Inc., 709 F.2d 21 (9th Cir.1983) (per curiam) (allowing members of state gaming commission to assert Eleventh Amendment immunity defense to RICO suit).
 
 
 12
 Finally, the Chows assert jurisdiction under general jurisdictional statutes, namely, 28 U.S.C. Secs. 1331 and 1343. "A mere assertion that general jurisdictional statutes apply does not suffice to confer jurisdiction when, as in this case, the government did not waive its immunity." Hughes v. United States, 953 F.2d 531, 539 n. 5 (9th Cir.1992).
 
 III.
 
 13
 The Chows also seek to sue the IRS defendants in their individual capacities under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). This claim lacks merit. "[W]e have never recognized a constitutional violation arising from the collection of taxes. Moreover, ... the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under Bivens in this situation." Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990) (dismissing claim against IRS agents "based upon allegedly fraudulent and intimidating conduct" in garnishing plaintiff's paychecks), cert. denied, 498 U.S. 1096 (1991).
 
 IV.
 
 14
 Finally, the Chows contest the district court's dismissal of their suit against the credit union defendants. We review de novo the district court's dismissal for failure to state a claim. Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989).
 
 
 15
 The district court properly dismissed the Chows' claims against the credit union defendants. Under 26 U.S.C. Sec. 6332(e), "[a]ny person in possession of ... property ... subject to levy upon which a levy has been made who, upon demand by the [Treasury] Secretary, surrenders such property ... to the Secretary ... shall be discharged from any obligation or liability to the delinquent taxpayer." The Chows cannot hold the credit union defendants liable for complying with the IRS levy.[6]
 
 V.
 
 16
 The IRS defendants request that we sanction the Chows for bringing a frivolous appeal. "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). We have already held that the Chows' contentions on appeal are utterly lacking in merit, often on multiple grounds. As a result, we grant the defendants' request and award $1,500 damages as a sanction. See Wilcox, 848 F.2d at 1009 (awarding $1,500 damages against pro se litigant as sanction for bringing frivolous appeal). A fortiori, we also deny the Chows' request that we sanction defendants.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Chows also sued the credit union defendants for common law negligence
 
 
 [2]
 Specifically, the Chows assert that the IRS defendants: (a) failed to issue a timely assessment in the form required by 26 U.S.C. Sec. 6203; (b) failed to stamp information requests with control numbers required by 44 U.S.C. Sec. 3512; (c) failed to honor their Freedom of Information Act requests for documentation; (d) "illegally shared information" with state officials in violation of 26 U.S.C. Sec. 6103; (e) failed to make a determination of deficiency under 26 U.S.C. Sec. 6212(a); (f) generally "acted in a gestappolike manner."
 The Chows also assert violations of numerous other internal revenue statutes, without explanation or argument. We treat these unargued claims as abandoned. Maisano v. Welcher, 940 F.2d 499, 502 n. 4 (9th Cir.1991), cert. denied, 112 S.Ct. 1957 (1992).
 
 
 [3]
 In this vein, the Chows argue that: (a) they failed to consent to an extension of the statute of limitations; (b) they "NEVER OWED" taxes to the IRS, and were thus "falsely accused"; (c) the IRS improperly limited their gambling loss deductions to the amount of gambling gains; (d) the limitation on gambling loss deductions constitutes cruel and unusual punishment; (e) the IRS improperly disallowed certain deductions related to rental property; and (f) the assessment amounts were "extraordinary."
 
 
 [4]
 Indeed, 26 U.S.C. Secs. 7432-33, discussed infra, provide the "exclusive remed[ies] for recovering damages resulting from" wrongful collection activities. 26 U.S.C. Sec. 7433(a)
 
 
 [5]
 In their reply brief, the Chows contend that they did exhaust administrative remedies, apparently viewing their numerous letters to IRS officials as administrative claims. "[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." International Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). Moreover, the Chows fail to show how, or even allege that, their purported claims complied with the procedures in Treas.Reg. Sec. 301.7433-1(e). Nor did they present this claim to the district court
 Likewise, we reject the Chows' claim that 26 U.S.C. Sec. 7432, which allows civil suits against IRS employees for wrongful failure to release a lien, operates as a waiver of sovereign immunity in this case. Section 7432 also requires exhaustion of administrative remedies. See 26 U.S.C. Sec. 7432(d)(1).
 
 
 [6]
 The credit union defendants also ask that we strike the Chows' opening brief pursuant to 9th Cir.R. 28-1(a) on the ground that the Chows failed to serve them with a separately bound set of record excerpts. In light of our finding that these defendants are immune from suit, we deny their request as moot