**Patrick DEVORE, Plaintiff,**

v.

**UNITED STATES of America, Internal Revenue Service, Revenue Agent Working Under the Unregistered Pseudonym of Brent Johns, Revenue Agent Linda Bradfield, Defendants.**

No. CV–N–99–00466.

United States District Court,
D. Nevada.

April 24, 2000.

Minute Order June 15, 2000.

## ORDER

EDWARD C. REED, Jr., District Judge.

The Court now considers defendants' motion to dismiss (# 21) filed on November 23, 1999. The plaintiff filed an opposition (# 23) on December 6, 1999. No reply was filed.

### Background

The plaintiff alleges in his complaint filed on August 23, 1999 that several Internal Revenue Service Agents violated certain sections of the Internal Revenue Code.

Around October 17, 1995, the plaintiff was contacted by revenue agent Linda Bradfield [hereinafter Bradfield] regarding his tax return for the 1994 tax year. The plaintiff claims that after providing agent Bradfield with his 1994 tax returns agent Bradfield was not satisfied and wanted to review his returns for preceding tax years. (Plaintiff's Complaint, p. 2) The plaintiff alleges that he attempted to set up several meetings with agent Bradfield to discuss his taxes but that she refused to show up.

On May 9, 1996, plaintiff received a letter from agent Bradfield informing him that he owed money for tax years 1992, 1993, and 1994.[1] Plaintiff was then issued a notice of assessment for $36,154.61.

On December 1, 1998, agent Brent Johns mailed Form 1058 "Notice of Intent to Levy" by certified mail to the plaintiff. On February 16, 1999, a second letter was mailed to plaintiff which enclosed Form 12153 "Request For A Collection Due Process Hearing." On March 12, 1999, plaintiff mailed a letter requesting a hearing as required by Public Law 105–206. The plaintiff's letter did not include a completed Form 12153 and was therefore not initially identified as a request for a collection

due process hearing under section 6330. On July 23, 1999 agent Johns issued a notice of levy to plaintiff's bank, a notice of federal tax lien in the County recorder's office, Carson City, and eight notices of levy to plaintiff's tenants. On September 10, 1999, agent Johns was notified that plaintiff's letter had been identified as a request for a collection due process hearing. Agent Johns then released the levies against plaintiff, prepared a manual refund for the levied monies received, and forwarded the plaintiff's case to the Appeals Division. (Defendants Memorandum in Opposition to Motion for Preliminary Injunction, Declaration of Revenue Officer Brent Johns) The levies against plaintiff were released on September 13, 1999 and on September 20, 1999, the plaintiff's case was sent to the Appeals Division. (Defendants' Motion to Dismiss, p. 3)

The plaintiff alleges that agent Johns violated Public Law 105–206, section 3417(c) by failing to give plaintiff notice before placing the liens and contacting third parties, specifically plaintiff's tenants.[2] Plaintiff also alleges that agent Johns violated section 6103(a), (b), and (e) of the 1986 Internal Revenue code and section 6110(c)(5) regarding confidentiality and disclosure of return information. Plaintiff claims that agents Bradfield and Johns violated section 6501(a) and (b) by attempting to audit tax returns beyond the three year expiration limits. The plaintiff also claims that agent Bradfield never performed an audit as required by 26 U.S.C. § 6201. The defendants filed a motion to dismiss alleging that sovereign immunity bars plaintiff's suit.

### Sovereign Immunity

A claim against IRS employees in their official capacities is treated as an

---

1. The report attached to the letter stated that plaintiff owed the following, including taxes, interest, and penalties: $18, 663.84 for tax year 1992, $5,401.67 for tax year 1993, and $9,718.44 for tax year 1994. (Plaintiff's Complaint, Ex. B)

2. In his opposition the plaintiff states that the Notice of Intent to Lien was sent to plaintiff two weeks after agent Johnson filed the liens. (Response to Defendant's Motion to Dismiss, p. 10)

action against the United States. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985); *Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir.1989). The plaintiff's complaint challenges actions taken by IRS agents in their official capacity. *Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963) ("The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter."). Therefore, the United States should be substituted as the defendant for the individual IRS agents.

█ An exception to the general rule that an action against IRS employees acting in their official capacity is an action against the United States, may arise in a so-called Bivens claim. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A *Bivens* action allows suits for damages against federal officials for federal constitutional violations. *See id.* However, plaintiff has stated that he has not filed a Bivens action. (Plaintiff's Opposition, p. 22, 11.5–8)

█ Plaintiff claims that this Court has jurisdiction under 28 U.S.C. § 1331. However, section 1331 merely operate as a grant of general jurisdiction and requires an accompanying waiver of sovereign immunity. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). The United States, as a sovereign, is immune from suit unless it has expressly consented to suit by statute. *See United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Without an express waiver, a court lacks jurisdiction over an action against the United States. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The plaintiff bears the burden of establishing a court's subject matter jurisdiction over a claim. *Whittle v. United States,* 7 F.3d 1259, 1262

(6th Cir.1993). In addition, the waiver of sovereign immunity must be strictly construed in favor of the United States, and it is not the duty of the courts to expand upon the limits of the waiver as expressed by Congress.

The plaintiff has not pointed to a specific section to show that the United States has waived its sovereign immunity. The potentially applicable waiver provisions are sections 7422, 7432, and 7433. Section 7422 addresses civil actions for refund suits and requires the plaintiff to file a claim for refund or credit with the Secretary before filing suit. *See* 26 U.S.C. § 7422(a). The plaintiff has not plead that he is filing a refund suit and he has not met the required prerequisite.

█ Section 7432 provides for a limited waiver of sovereign immunity for civil damages for failure to release a lien. This section requires the taxpayer to exhaust his administrative remedies. *See* 26 U.S.C. § 7432(d)(1). Section 7433 provides limited waiver of sovereign immunity for suits by taxpayers, for damages, against the United States in circumstances where, "in connection with any collection of federal tax with respect to a taxpayer, any officer or employee of the IRS recklessly or intentionally disregards any provision of this title, or any regulation promulgate under this title ...." 26 U.S.C. § 7433. Section 7433 is limited to unauthorized collection actions and does not extend to determinations of liability. *James v. United States,* 970 F.2d 750, 753 (10th Cir.1992). A suit under section 7433 is jurisdictionally barred unless the claimant has exhausted available administrative remedies. *Venen v. United States,* 38 F.3d 100, 103 (3d Cir.1994); *Conforte v. United States,* 979 F.2d 1375, 1377 (9th Cir.1992).

In its motion to dismiss the government argues that sovereign immunity bars plaintiff's suit under section 7433 because the plaintiff has failed to exhaust his administrative remedies. The plaintiff has plead in his complaint that he requested a Col-

lection Due Process hearing under section 6330 and has provided a copy of the letter he sent requesting the hearing. The government states that it is in the process of providing the plaintiff with this hearing. However, the plaintiff states that he has not received any notification that such a hearing has been granted and the government has not submitted any evidence to this Court that such a hearing has been held or scheduled. Both parties have submitted written evidence regarding the exhaustion of administrative remedies. Therefore, the Court will treat the motion to dismiss as a summary judgment motion.

*IT IS, THEREFORE, HEREBY OR-DERED THAT* the government shall have fifteen days in which to file evidence that such a hearing has been or will be granted. Plaintiff will thereafter have fifteen days to file evidence respecting this issue and the government will have fifteen days to file reply evidence. At such a time, this Court will determine whether exhaustion has or has not been satisfied.

*IT IS FURTHER HEREBY ORDERED THAT* plaintiff's claims, except for those relating to section 7433, are dismissed. The plaintiff has failed to establish to the Court that sovereign immunity has been waived. In addition, the plaintiff has failed to meet the prerequisites and exhaustion requirements of other possibly applicable IRS code sections where sovereign immunity has been waived.

June 15, 2000

*MINUTE ORDER IN CHAMBERS*

On April 24, 2000, the court issued an order addressing the defendants' motion to dismiss (# 21). The defendants argued that sovereign immunity barred plaintiff's suit under section 7433 because the plaintiff had failed to exhaust his administrative remedies. The defendants specifically pointed out that plaintiff had failed to exhaust the collection due process hearing he requested. In the April 24, 2000 order, the court ordered the defendants to file

evidence that such a hearing had in fact been granted. The government has filed its evidence and the plaintiff has filed a response. The court also stated that it would treat the motion to dismiss as a motion for summary judgment because the parties had both submitted evidence on the issue of exhaustion. We now consider the defendants' motion for summary judgment.

**Background**

This action primarily concerns alleged wrongful collection activities by the Internal Revenue Service generally. We will not delve into the facts of the case in detail as they have been set out in our order (# 24) dated April 24, 2000.

Section 7433(a) of title 26, known as the Taxpayer's Bill of Rights, authorizes a taxpayer to seek damages for the IRS' alleged disregard of a tax law or regulation in collecting a tax. This statute, which waives the United States' sovereign immunity, requires the taxpayer to bring suit within two years after the right of action accrues. *See* § 7433(d)(3). Section 7433(a) (1997) states that a taxpayer may bring a claim for damages against the United States if, "in connection with any collection of Federal tax . . ., any officer or employee of the [IRS] recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title." *See* I.R.C. § 7433(d)(3).

In order to bring suit under section 7433, a plaintiff must exhaust his administrative remedies. *See Conforte v. United States,* 979 F.2d 1375, 1377 (9th Cir.1992). Section 7433(d)(1)(A) states that a judgment for damages shall not be awarded under section 7433 unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the IRS. The courts deem this requirement jurisdictional. *See, e.g., Fishburn v. Brown,* 125 F.3d 979, 982 (6th Cir.1997).

▮ The plaintiff has failed to sufficiently allege exhaustion of administrative remedies available to him within the IRS.

Plaintiff alleged that he had attempted to exhaust some administrative remedies by requesting a hearing under section 6330 but that he never received any notification that a hearing was scheduled. The government has submitted evidence that a due process hearing was scheduled on May 22, 2000. The plaintiff has filed papers with the court since that day and has not demonstrated that he has exhausted all of his administrative remedies.

In addition, the plaintiff has failed to demonstrate that the actions taken by Agent Brent Johns and Linda Bradfield were recklessly or intentionally done in disregard of Internal Revenue Code regulations. The plaintiff argues that Agent Bradfield erroneously determined that plaintiff owed money for tax years 1992, 1993, and 1994. Whether Agent Bradfield may be incorrect about whether the plaintiff owes taxes does not prove she acted recklessly or intentionally. Agent Johns initial failure to identify plaintiff's letter as a request for a collection due process hearing was an oversight, not an intentional act to deprive plaintiff of his hearing. The evidence also fails to show that the delay in scheduling the hearing was an intentional or reckless act.

We find that the plaintiff has not exhausted the administrative remedies available to him within the IRS and section 7433 requires him to do so. In addition, the evidence does not show that the IRS acted with reckless or intentional disregard for their regulations. Therefore, the defendants' motion to dismiss, being treated as a motion for summary judgment, is granted.

*IT IS HEREBY ORDERED THAT* defendants' motion to dismiss is *GRANTED.*

The clerk shall enter judgment accordingly.