**Alfred R. DOERFLER; Imogene H. Doerfler, Plaintiffs—Appellants,**

v.

**UNITED STATES of America; et al., Defendants—Appellees.**

No. 01–55846.

D.C. No. CV–00–11530–AHM.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 25, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Alfred R. and Imogene H. Doerfler, dba Al's Union Service, Poinsettia Bowl and Tournament Bowl, appeal pro se the district court's dismissal of their action against the United States and several Internal Revenue employees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal based upon statutes of limitations, *see Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1175 (9th Cir.2000), and we affirm.

Because the Doerflers filed their complaint more than two years after their claims had accrued, the district court properly dismissed their complaint as time-barred. *See W. Ctr. for Journalism v. Cederquist,* 235 F.3d 1153, 1156 (9th Cir. 2000) (per curiam) (applying one-year statute of limitations to *Bivens* claim); *Conforte v. United States,* 979 F.2d 1375, 1377 (9th Cir.1992) (applying two-year statute of limitations to I.R.C. § 7433 claims).

The Doerflers' contention that a Department of Treasury employee told them their causes of action would accrue at a later date is unavailing because the statute of limitations had expired before the employee allegedly made that statement. *See Golden v. Faust,* 766 F.2d 1339, 1341 (9th Cir.1985).

We have considered the Doerflers' remaining contentions and conclude that they lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).