Ruth I. GILLINGS, Plaintiff–Appellant,

v.

UNITED STATES INTERNAL REVENUE SERVICE; et al., Defendants–Appellees.

No. 04–15123.

D.C. No. CV–03–00166–LRH (RAM).

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 11, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ruth I. Gillings, Sparks, NV, pro se.

Thomas J. Clark, Jill R. Ortelt, Mary E. Roccapriore, Esq., U.S. Department of Justice, Washington, DC, for Defendants–Appellees.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM**

Ruth I. Gillings appeals pro se the district court's judgment dismissing as moot her petition to quash a summons served on a third party, Wells Fargo Bank, by the Internal Revenue Service ("IRS"). We have jurisdiction under 28 U.S.C. § 1291. "We review de novo the question whether a case is moot," *Foster v. Carson,* 347 F.3d 742, 745 (9th Cir.2003), and we affirm.

Because the IRS withdrew the summons, Gillings no longer has a justiciable claim and the district court correctly dismissed Gillings's petition. *See Hacienda*

---

** This disposition is not appropriate for publication and may not be cited to or by the

*Valley Mobile Estates v. City of Morgan Hill,* 353 F.3d 651, 661 (9th Cir.2003). Gillings contends that the summons are not moot because they will likely be reissued. Because we can afford Gillings no effective relief that she has not already received, we affirm the district court's judgment. *See United States v. Geophysical Corp.,* 732 F.2d 693, 698 (9th Cir.1984).

Gillings's claim for damages is barred because she has failed to show that the United States has waived its sovereign immunity. *See Miller v. United States,* 66 F.3d 220, 222–23 (9th Cir.1995) (holding that 26 U.S.C. § 7433 waives sovereign immunity only with respect to the collection of taxes, not the determination of a taxpayer's liabilities). Furthermore, she has not alleged that she exhausted her administrative remedies before filing this suit. *See* 26 U.S.C. § 7433(d)(1); *Conforte v. United States,* 979 F.2d 1375, 1377 (9th Cir.1992).

**AFFIRMED.**