**Lorna JOHNSON; Douglas Barnes, Plaintiffs—Appellants,**

v.

**Tim PAUL; et al., Defendants— Appellees.**

**No. 06–35363.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 21, 2007.

Lorna Johnson, Curlew, WA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Douglas Barnes, Curlew, WA, pro se.

Rolf H. Tangvald, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, Richard A. Latterell, Esq., U.S. Department of Justice, Employment Litigation Section, Kenneth L. Greene, Esq., Sara Ann Ketchum, DOJ–U.S. Department of Justice, Tax Division, Washington, DC, for Defendants–Appellees.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Lorna Johnson and Douglas Barnes appeal pro se from the district court's judgment dismissing their action for damages against Internal Revenue Service employees for actions associated with the collection of federal taxes after appellants failed to file returns for tax years 1995 through 2004. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Steel v. United States,* 813 F.2d 1545, 1548 (9th Cir.1987), and we affirm.

Even if appellants' claim was cognizable under 26 U.S.C. § 7433, the district court properly held that their correspondence challenging the IRS's authority and requesting a refund of taxes already collected did not constitute exhaustion of administrative remedies as required under 26 U.S.C. § 7433(d)(1). *See* Treas. Reg. §§ 301.7433–1(d) & (e) (setting forth the requirements for exhaustion of administrative claims); *see also Conforte v. United States,* 979 F.2d 1375, 1377 (9th Cir.1992)

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(affirming dismissal for lack of jurisdiction for failure to exhaust administrative remedies under section 7433).

To the extent appellants attempted to allege any other basis for suit, the district court properly held their claims barred by sovereign immunity. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985) (a suit against IRS employees in their official capacities is essentially a suit against the United States).

Appellants' remaining contentions are unpersuasive.

**AFFIRMED.**