MEMORANDUM **
Frank and Elaine Kimball appeal the district court’s memorandum order dismissing their complaint, which seeks various forms of tax relief, for want of subject-matter jurisdiction. We have appellate jurisdiction under 28 U.S.C. § 1291, and we affirm. The facts are familiar to the parties, so we do not repeat them here.
As a threshold matter, it was proper for the district court to resolve factual disputes when ruling on the motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Thornhill Publ’g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir.1979).
The Kimballs assert that a number of statutes not only provided the district court with jurisdiction but also waived the sovereign immunity of the United States. All of their asserted bases for jurisdiction fail. The district court lacked jurisdiction under 28 U.S.C. § 1346(a) for each of the years in question because the Kimballs had either failed to exhaust administrative remedies, pay all of the assessment, or timely sue. See Flora v. United States, 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (full payment of assessment required prior to suit in federal district court); I.R.C. (26 U.S.C.) § 7422(a) (administrative claim requirement); id. at § 6511(a) (statute of limitations). Because section 1346(a) is a waiver of sovereign immunity, failure to comply with its prerequisites means that the district court had no jurisdiction to hear the matter. See United States v. Dalm, 494 U.S. 596, 601-02, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990).
The district court lacked jurisdiction under I.R.C. § 7433 because the claims were not filed within the two-year statute of limitations. Accordingly, the district “court lacked jurisdiction to hear” the Kimballs. Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1992). The same problem exists under I.R.C. § 7432. Likewise, the Kimballs allege a violation of I.R.C. § 6304, but the remedy for violations of that statute is governed by § 7433.
The Kimballs rely on 28 U.S.C. § 2410 as a basis for jurisdiction. However, this argument was not raised before the district court, and we deem the argument waived. Jurisdiction is lacking under the Declaratory Judgment Act because its coverage explicitly excludes federal tax matters (subject to exceptions not relevant here). 28 U.S.C. § 2201. Injunctive relief is barred by I.R.C. § 7421(a); the Kim-balls’ argument that they are entitled to proceed under § 7426(a) was only presented in their reply brief and is thus waived. *172 Section 6330 of the I.R.C. provides for collection due process (“CDP”) hearings, but nothing in the record suggests the Kimballs ever timely requested a CDP hearing and were denied one. The district court lacked jurisdiction over the Kimballs’ claim that the IRS wrongly refused to abate interest under I.R.C. § 6404(e)(1). Hinck v. United States, 550 U.S. 501, 503, 127 S.Ct. 2011, 167 L.Ed.2d 888 (2007) (holding that jurisdiction over that section exists exclusively in the Tax Court). I.R.C. § 6621 does not provide a cause of action or waive the sovereign immunity of the United States. Finally, because the Kimballs did not sue any federal officials in their individual capacities, they cannot bring an action under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.