**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| PAMFILA R. CAMANGIAN, | No. 10-56223 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-06718-AHM-AGR |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| and | |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pamfila Camangian appeals pro se from the district court's judgment in her action for tax refunds and damages under 26 U.S.C. §§ 7422 and 7433. We review de novo. *Carver v. Holder*, 606 F.3d 690, 695 (9th Cir. 2010) (summary judgment); *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 787 (9th Cir. 2009) (dismissal for lack of jurisdiction). We affirm.

The district court properly granted summary judgment on Camangian's refunds claim because she failed to raise a genuine dispute as to whether the overpayments were applied to her back taxes before the automatic stay was lifted. *See Carver*, 606 F.3d at 695 (summary judgment is proper where "'the pleadings and supporting documents . . . show that there is no genuine issue as to a material fact'" (citation omitted)).

The district court properly dismissed Camangian's damages claim for lack of jurisdiction because, although given repeated opportunities, Camangian did not allege that she had exhausted her administrative remedies with respect to the damages claim. *See* 26 U.S.C. § 7433(d)(1); *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (courts lack jurisdiction to hear actions for damages under § 7433 when plaintiffs have not exhausted their administrative remedies).

**AFFIRMED.**