FILED

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL JOSEPH MANANT; ANNETTE LYNNE MANANT, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant - Appellee. | No. 11-17073 <br><br> D.C. No. 1:10-cv-00566-JMS-KSC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Michael Joseph Manant and Annette Lynne Manant appeal pro se from the

district court's judgment in their action alleging that the Internal Revenue Service

violated various statutes and regulations in collecting their accrued federal income

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

tax liabilities for tax years 1998, 1999, and 2000. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust. *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010). We vacate and remand with instructions to dismiss for lack of jurisdiction.

Dismissal of the Manants' action without prejudice was proper because the district court lacked jurisdiction in light of the Manants' failure to pursue an administrative claim before filing their action. *See* 26 U.S.C. § 7433(d)(1) (requiring taxpayers to exhaust administrative remedies as a prerequisite to filing an action for damages regarding improper tax collection); *Conforte v. United States*, 979 F.2d 1375, 1376-77 (9th Cir. 1992) (failure to exhaust administrative remedies under § 7433(d)(1) deprived the court of jurisdiction over a taxpayer's damages claims regarding improper tax collection under § 7433(a)).

In light of our disposition, we do not address the Manants' remaining arguments regarding the merits their claims. *See Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir. 1990) (where the district court lacks subject matter jurisdiction, it retains no power to make judgments as to the merits of the case).

The Manants shall bear the costs on appeal.

**VACATED and REMANDED.**