**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOEL DAVID JOSEPH,<br><br>           Plaintiff - Appellant,<br><br>   v.<br><br>UNITED STATES OF AMERICA;<br>MURIEL SIEBERT & CO., INC.,<br><br>           Defendants - Appellees.,<br><br>_____,<br><br>M. RAANAN,<br><br>           Defendant, | No. 11-55489<br><br>D.C. No. 2:10-cv-05167-DSF-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Joel David Joseph appeals pro se from the district court's judgment dismissing his action arising out of an Internal Revenue Service ("IRS") levy to collect unpaid taxes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 787 (9th Cir. 2009), and a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). We affirm.

The district court properly dismissed Joseph's claim for damages against the IRS under 26 U.S.C. § 7433 because Joseph failed to allege facts sufficient to show that he pursued an administrative claim before filing his action. *See* 26 U.S.C. § 7433(d)(1) (requiring taxpayers to exhaust administrative remedies as a prerequisite to filing an action for damages regarding improper tax collection); 26 C.F.R. § 301.7433-1(e) (specifying required administrative remedies); *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (failure to exhaust administrative remedies under § 7433(d)(1) deprived the court of jurisdiction over a taxpayer's damages claims regarding improper tax collection under § 7433(a)).

The district court properly dismissed Joseph's conversion claim against Muriel Siebert & Co. because it was immune from liability for complying with the IRS levy. *See* 26 U.S.C. § 6332(e).

We do not consider arguments raised for the first time on appeal.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Joseph's motion to file a supplemental reply brief is granted, and the Clerk is directed to file the supplemental reply brief received on October 14, 2011.

**AFFIRMED.**