Robert E. ADAMS; et al., Petitioners—
Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent—
Appellee.

No. 04–73818.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 13, 2005.

Robert E. Adams, Las Vegas, NV, pro se.

Mary K. Adams, Las Vegas, NV, pro se.

Charles S. Casazza, Clerk, U.S. Tax Court, Eileen J. O'Connor, Esq., U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: B. FLETCHER, TROTT and PAEZ, Circuit Judges.

## MEMORANDUM **

Robert E. and Mary K. Adams appeal pro se the decision of the United States Tax Court granting summary judgment in favor of the Commissioner of the Internal Revenue Service, ruling the Commissioner could proceed with a levy action to collect their 1998, 1999, and 2000 federal income taxes, and imposing a penalty. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review summary judgment de novo, *Miller v. Commissioner,* 310 F.3d 640, 642 (9th Cir.2002), and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The Tax Court properly concluded that Mr. and Mrs. Adams could not challenge their underlying tax liability during the Collection Due Process hearing because they were sent statutory notices of deficiency and this challenge can only be made in a petition for redetermination of their income taxes. 26 U.S.C. § 6330(c)(2)(B). The Tax Court held that Mr. and Mrs. Adams received adequate notice of the hearing and demand for payment, and rejected their claim that this statutory form of notice is not properly authorized by the Secretary of the Treasury.

The Tax Court did not err by ruling that, in any event, the wages earned by Mr. and Mrs. Adams are taxable income, and rejecting their claim that only corporate profit constitutes income subject to federal taxes. *See Maisano v. United States*, 908 F.2d 408, 409 (9th Cir.1990) (per curiam) (this is "simply a variation on the 'wages are not income' argument which we repeatedly have rejected as frivolous"). Because there are no genuine issues of material fact, the Tax Court properly granted the Commissioner's summary judgment motion. *See Miller*, 310 F.3d at 642.

The Tax Court did not abuse its discretion in imposing a $1000 penalty under 26 U.S.C. § 6673(a) on the ground that the action was frivolous and maintained by Mr. and Mrs. Adams primarily for delay. *See Wolf v. Commissioner*, 4 F.3d 709, 716 (9th Cir.1993) (approving sanction where taxpayers had been on notice that they could face sanctions for frivolous litigation).

We GRANT in part the Commissioner's request, pursuant to 28 U.S.C. § 1912 and Fed. R.App. P. 38, for sanctions for this frivolous appeal. Sanctions are imposed in the amount of two thousand dollars ($2,000).

AFFIRMED with SANCTIONS.