T.C. Memo. 2006-114

UNITED STATES TAX COURT

ROBERT E. AND MARY K. ADAMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16464-04.              Filed June 1, 2006.

Robert E. and Mary K. Adams, pro sese.

<u>Paul K. Voelker</u> and <u>Wesley J. Wong</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment and to impose a penalty under section 6673.

Respondent determined a deficiency of $10,286 in petitioners' 2001 Federal income tax and a section 6662(a)[1] penalty of $2,057.20.  The issues for decision are:  (1) Whether petitioners are liable for the deficiency determined by respondent; (2) whether petitioners are liable for an accuracy-related penalty pursuant to section 6662; and (3) whether petitioners are liable for the penalty pursuant to section 6673.

Background

None of the facts have been stipulated.  At the time they filed the petition, petitioners resided in Las Vegas, Nevada.

During 2001, petitioners received $216 from the Pennsylvania State Employees Credit Union as interest income, $35,400 from Advanced Entertainment Service as self-employment income, and $19,522 from Defense Finance and Accounting Service as pension income.  Petitioners made no estimated tax payments for 2001.

Petitioners submitted a Form 1040, U.S. Individual Income Tax Return, for 2001 to respondent.  Petitioners listed zero as the amount of their wages, total income, adjusted gross income, taxable income, and total tax.  Petitioners attached two pages to the Form 1040 reciting statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Discussion

I. <u>Summary Judgment</u>

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Summary judgment may be granted if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). As the party that moved for summary judgment, respondent has the burden of showing there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. <u>Nis Family Trust v. Commissioner</u>, 115 T.C. 523, 536, 538 (2000).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

II. <u>The Deficiency</u>

Section 61 defines gross income as all income from whatever source derived. Gross income includes, among other things, compensation for services, interest, and pensions. Sec. 61(a).

Petitioners admit that they received the income listed in the notice of deficiency. However, petitioners contend, inter alia, that the earnings they derived are not income, that therefore they are not liable for taxes, and that income

reflected on Forms 1099-MISC, Miscellaneous Income, must be apportioned, and since no tax is apportionable to them, they had no tax liability. Petitioners advanced these and other arguments in filings and at the summary judgment hearing. These arguments are characteristic of tax-protester rhetoric that has been universally rejected by this and other courts. Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986). We shall not painstakingly address petitioners' assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Accordingly, we conclude that petitioners are liable for the deficiency determined by respondent.

III. Penalties

A. Section 6662(a)

Pursuant to section 6662(a), a taxpayer may be liable for a penalty of 20 percent on the portion of an underpayment of tax due to negligence or disregard of rules or regulations or a substantial understatement of income tax. Sec. 6662(b). An "understatement" is the difference between the amount of tax required to be shown on the return and the amount of tax actually shown on the return. Sec. 6662(d)(2)(A). A "substantial

understatement" exists if the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return for a taxable year, or (2) $5,000. Sec. 6662(d)(1). The understatement is reduced to the extent that the taxpayer (1) has adequately disclosed facts affecting the tax treatment of an item and there is a reasonable basis for such treatment, or (2) has substantial authority for the tax treatment of an item. Sec. 6662(d)(2)(B).

Respondent determined, and we sustained, a tax deficiency of $10,286. Petitioners conceded that they earned the income advanced in the notice of deficiency, and petitioners did not present any evidence indicating reasonable cause or substantial authority for not reporting the income. See secs. 6662, 6664. We sustain respondent's penalty determination.

B. <u>Section 6673</u>

Under section 6673, this Court may require a taxpayer to pay a penalty not to exceed $25,000 if the taxpayer takes a frivolous position in the proceeding or institutes the proceeding primarily for delay. A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).

Petitioners' protester rhetoric is manifestly frivolous and groundless. They have wasted the time and resources of this

Court on more than one occasion.[2]  Petitioners' insistence on making protester type arguments even after both this Court and the U.S. Court of Appeals for the Ninth Circuit have summarily dismissed them indicates an unwillingness on the part of petitioners to respect the tax laws of the United States. Petitioners have had a fair warning that more penalties would be imposed if they continued to make frivolous arguments. Accordingly, we shall impose a penalty on petitioners pursuant to section 6673 in the amount of $10,000.

To the extent not herein discussed, we have considered the parties' other arguments and found them to be meritless.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[2]  Petitioners were before this Court regarding their 1998, 1999, and 2000 tax years, advancing similar protester arguments. We granted summary judgment for respondent with regard to the tax years at issue and imposed a sec. 6673 penalty in the amount of $1,000.  Petitioners appealed our decision to the Court of Appeals for the Ninth Circuit, which held that "the action was frivolous and maintained by Mr. and Mrs. Adams primarily for delay." <u>Adams v. Commissioner</u>, 127 Fed. Appx. 963 (9th Cir. 2005).  The Court of Appeals further imposed sanctions on petitioners in the amount of $2,000 for filing a frivolous appeal. <u>Id.</u>